No. 20,961.

E. L. MILLER, *Appellant,* v. ALBERT S. THAYER, *Appellee.*

SYLLABUS BY THE COURT.

1. TRIAL—*Evidence—False Representations.* Under the circumstances disclosed in the opinion, evidence of false and fraudulent representations was properly admitted.

2. STOCK OF GOODS—*Exchanged for Land—False Representation as to Goods—Value of Land Immaterial Under Pleadings.* Where land has been taken in exchange for a stock of goods, falsely and fraudulently represented to be merchantable, the land having been first inspected and no false representations having been made concerning it, it is not error to reject evidence to show that the land was not worth the amount at which it was valued in the exchange of properties.

3. TRIAL—*Instructions.* There was no error in the instructions given nor in refusing to give those requested.

4. TRIAL—*Special Findings.* The plaintiff was not entitled to judgment on the special findings of the jury.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed July 7, 1917. Affirmed..

*S. H. Allen, Otis S. Allen,* and *George S. Allen,* all of Topeka, for the appellant.

*C. W. Burch, B. I. Litowich,* and *LaRue Royce,* all of Salina, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: In this action the plaintiff sought to recover possession of a stock of merchandise which he had transferred to the defendant in exchange for real property. In his answer the defendant alleged fraud on the part of the plaintiff and set up damages as a counterclaim. Judgment was rendered in favor of the defendant for $6708.40. The plaintiff appeals.

An opinion on a different question in this case is found in *Miller v. Thayer,* 96 Kan. 278, 150 Pac. 537.

The plaintiff owned a stock of goods in Salina. The defendant owned real property in Elk county. They met at Severy and began negotiations for the exchange of these properties. The land was inspected by the plaintiff. In the exchange the land was valued at $17,000. The plaintiff represented to the defendant that the stock of goods was merchantable. That representation was false. The defendant believed that the representation was true and relied on it. The contract between the parties provided that the stock should be invoiced in the following manner:

"All of the merchandise at the original cost price thereof as shown by the cost-marks thereon. The fixtures to be priced at the original cost where they are uninjured and where injured in any way to be priced at the prices such fixtures are taken at in trades of this kind and not at low cash or auction prices."

The inventory was to begin October 6, 1913. After the defendant inspected the land he and the plaintiff went to Salina, arriving there in the evening. They went to the store and the defendant looked at some of the goods. The defendant, not being familiar with the handling of merchandise, was unable to determine the value of the stock. The plaintiff did not prevent the defendant from making an examination of the stock of goods. His examination was brief and he did not become acquainted with the stock nor with its condition. M. M. Robinson, a merchant of Severy, was employed to assist in invoicing the stock and to look after the defendant's interest in connection therewith. Robinson was instructed as to the manner of making the invoice. The inventory was begun on October 6, 1913, and was completed in six days. The contract for the

Miller v. Thayer.

exchange of the properties was signed before the invoice was commenced, and the note and chattel mortgage were signed and delivered after the invoice was completed. The defendant did not discover that the stock of goods was not merchantable until the latter part of January, 1914. Litigation between these parties was begun immediately thereafter. The stock invoiced $16,565.41. There were mortgages on the real property amounting to about $4600. A promissory note for $4942.11, secured by a chattel mortgage on the stock of goods, was given by the defendant to the plaintiff in part payment. This action was brought to recover the goods under that mortgage. At the time of the commencement of the action there was about $1000 due on the note. The remainder of the note had been paid out of the proceeds of sales made by the defendant out of the stock.

1. The plaintiff contends that the court erred in the admission of evidence. The evidence complained of was that which tended to show that the plaintiff had represented the stock as "all good, clean, merchantable goods." The plaintiff argues that this evidence should not have been admitted for the reason that he did not prevent the defendant from making a thorough examination of the stock to satisfy himself as to its condition and quality; and for the further reason that the note and chattel mortgage were signed after the inventory had been completed and the stock had been seen by the defendant's expert representative, M. M. Robinson.

Robinson was employed to see that the goods were marked at their correct original cost, and not to ascertain their condition. While the invoice was being taken Robinson did learn, to some extent, the character and quality of the goods, but he did not communicate to the defendant what he had learned. The false representations were made before the contract for the exchange of property was signed, and before the invoice was begun. Under these circumstances it was proper to prove that the representations were false.

2. Plaintiff insists that the court committed error in rejecting evidence offered by him to prove that the land was not worth more than $8000. The plaintiff did not allege fraud or misrepresentation on the part of the defendant, and did not attempt to prove either. The evidence offered tended to prove

that the valuation placed on the land was excessive. The plaintiff argues that because of the excessive valuation the defendant was not damaged by the false representation. The defendant is entitled to recover the difference between the real value of the stock of goods received by him and what the stock would have been worth if the representations made by the plaintiff had been true. (*Speed v. Hollingsworth,* 54 Kan. 436, 38 Pac. 496; *Stroupe v. Hewitt,* 90 Kan. 200, 133 Pac. 562; *McDanel v. Whalen,* 91 Kan. 488, 138 Pac. 590; *Epp v. Hinton,* 91 Kan. 513, 516, 138 Pac. 576; *Hinchey v. Starrett,* 92 Kan. 661, 141 Pac. 173.)

3. The plaintiff complains of the instructions given by the court, and of the refusal of the court to give instructions requested by him. The reason given by the plaintiff for each of these contentions is the same as that given for his objection to the admission of evidence and for his complaint of the rejection of evidence. What has been said in this opinion and the authorities that have been cited to show that the plaintiff's complaint concerning the evidence is without foundation dispose of his complaint concerning the instructions.

4. The plaintiff urges that judgment should have been rendered in his favor on the special findings of the jury. He argues that since the jury exonerated him from all charges of fraud in marking the goods, and found that he did nothing to prevent either Thayer or Robinson from making full and complete inspection of the stock, there was no substance left in the charge of fraud, and the plaintiff was entitled to judgment on the remainder of his note. The trouble with this argument is that the defendant's answer charged that the plaintiff had represented the stock as merchantable and that this representation was false. The plaintiff's argument does not meet this allegation of the answer, nor the findings of the jury. Under the findings judgment could not have been rightfully rendered in favor of the plaintiff.

The judgment is affirmed.