No. 20,989.

J. W. SUDERMAN, *Appellee*, v. A. F. KOCH, *Appellant*, et al.

SYLLABUS BY THE COURT.

1. AGENCY—*Exchange of Land—False Representations by Agent to Principal—Agent Liable for the Fraud*. A real-estate agent was employed to procure an exchange of land for other real property. The agent had listed with him certain town property for exchange. He offered the town property to his principal in exchange for the land, and falsely represented that the town property was worth $1,500. That representation was believed and relied on by the principal, and the exchange was made. *Held*, that the agent is liable to his principal for the damage sustained by him.

2. SAME—*Exclusion of Evidence—Not Error*. Under the circumstances disclosed in the first section of this syllabus, it was not error to ex-

clude evidence to show that the land owned by the principal was not worth what he asked for it.

3. SAME—*Evidence—Verdict.* There was sufficient evidence to sustain the verdict.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed November 10, 1917. Affirmed.

*George A. Neeley,* of Hutchinson, for the appellant.

*F. Dumont Smith,* and *Eustace Smith,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered judgment in the sum of $400 for fraud practiced on him by the defendant. From that judgment the defendant appeals.

The plaintiff owned land in Hamilton county. He desired to exchange that land for other real property, and procured the assistance of the defendant, who was a real-estate agent, to bring about such an exchange of property. The defendant had listed with him a house and ten lots in Preston. These he offered to the plaintiff in exchange for the land, and represented to the plaintiff that the house and lots were worth $1,500. They were not worth that amount. The plaintiff believed and relied on the defendant's representation as to the value of the property, and made the exchange.

1. The defendant demurred to the plaintiff's evidence. The demurrer was overruled. The order overruling the demurrer is assigned as error. The defendant in his brief says:

"The sole basis of recovery in this case is the statement alleged to have been made by Koch to the effect that the Preston property was worth $1,500.00, and that the amount of interest and taxes due was $25.00 when the property was really worth about $800, and the interest and taxes amounted to $75.00 or $80.00."

The defendant was the plaintiff's agent to procure for the plaintiff property in exchange for the Hamilton county land. In *Subke v. Gonder,* 97 Kan. 414, 155 Pac. 793, this court said:

"Speaking generally, the relation between principal and agent is confidential. Its essence is fidelity, and whenever the principal has the right to receive the agent's opinion it must be an opinion fairly justified by the facts. In such cases a statement of opinion is regarded in the light of a statement of fact, and a charge of false representation may be

predicated on a false and unwarranted statement of value the same as upon a false statement regarding topography, the character of improvements, the amount of rent received, and the like." (p. 419.)

When the defendant falsely represented to the plaintiff that the Preston property was worth $1,500 he violated his duty as agent of the plaintiff, and so far as the evidence was concerned, he was intentionally misrepresenting to the plaintiff the value of the Preston property. There was evidence sufficient to compel the court to submit the cause to the jury for determination, and it was not error to overrule the defendant's demurrer to the plaintiff's evidence.

2. The defendant complains of the exclusion of evidence offered by him to show the value of the Hamilton county land. When talking with the defendant about the trade the plaintiff stated that he was holding his land at $1,200, cash. The evidence offered tended to show that the land was not worth more than $500. The defendant's argument is that since the Hamilton county land was not worth more than $500, the plaintiff was not damaged by the false representation concerning the value of the Preston property. The defendant did not allege nor attempt to prove fraud on the part of the plaintiff. The rule announced in *Miller v. Thayer,* ante, p. 355, applies. There this court said:

"Plaintiff insists that the court committed error in rejecting evidence offered by him to prove that the land was not worth more than $8,000. The plaintiff did not allege fraud or misrepresentation on the part of the defendant, and did not attempt to prove either. The evidence offered tended to prove that the valuation placed on the land was excessive. The plaintiff argues that because of the excessive valuation the defendant was not damaged by the false representation. The defendant is entitled to recover the difference between the real value of the stock of goods received by him and what the stock would have been worth if the representations made by the plaintiff had been true." (p. 357.)

(See, also, the authorities cited in *Miller v. Thayer,* supra.)

The plaintiff was entitled to the benefit of his trade, and the evidence offered was properly rejected.

The same question is presented in the defendant's complaint of the instructions of the court, and must be answered in the same way.

3. It is contended that the verdict was not sustained by the evidence. To support that contention, the defendant argues that, under the evidence, if the plaintiff was entitled to re-

cover at all, he was entitled to recover $700, the difference between the value of the Preston property, $800, and its represented value, $1,500. There was evidence which tended to show that the Preston property was not worth more than $800. The plaintiff testified that he considered the Preston lots, at the time he traded for them, exclusive of the house, worth $100 apiece, and that the house was insured for $300 or $400. That evidence may here have been taken into consideration by the jury in fixing the value of the property. Under that and the other evidence, the jury may have properly concluded that the Preston property was worth more than $800.

The judgment is affirmed.