No. 23,279.

B. E. CRAMBLITT, *Appellee*, v. F. W. SHERWOOD, *Appellant*.

SYLLABUS BY THE COURT.

CONVEYANCE—*Warranty Against Incumbrances—Annual Drainage District Assessments Not An "Incumbrance" Within the Covenant.* The plaintiff exchanged his Kansas farm for the defendant's Missouri farm. The defendant covenanted that his farm was "free and clear of all incumbrance" except a specified mortgage. The Missouri farm was included in a drainage district where drainage ditches had been constructed. All the real estate in the district was subject to a statutory lien for the cost of the drainage improvements. This cost was apportioned to the several properties in the district, and was payable in future annual assessments during a period of twenty years, and could not be otherwise discharged at the time the farms were exchanged. The annual assessments were payable at the same time and in the same manner as ordinary taxes, but no such annual assessment was due when the contract of exchange was affected. *Held,* that this statutory lien on the farm for the future payment of annual assessments for the drainage improvements was not an incumbrance in breach of the covenant within the fair, reasonable, and common meaning of an incumbrance, as that term is used in an ordinary contract for the exchange of farms.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed July 9, 1921. Reversed.

*F. J. Oyler, W. H. Anderson,* and *G. M. Lamar,* all of Iola, for the appellant.

*John W. Brown, Kenneth H. Foust,* both of Iola, and *F. G. Orelup,* of Ottumwa, Ia., for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This lawsuit arose over an exchange of two farms. The plaintiff traded a farm in Allen county, Kansas, to the defendant for a farm in Carroll county, Missouri. The contract covered certain details which will not need our attention; but one of the stipulations to which the defendant bound himself was that the Missouri farm was "free and clear of all incumbrance" except a $6,000 mortgage. The deeds were deposited in a bank to await completion of the abstracts and other incidental matters, but the parties at once entered into

possession of the farms so exchanged. Some months later the plaintiff discovered that the Missouri farm which he had re-received in the exchange was included in a drainage district, all the property of which, including this farm, was subject to a statutory lien for the payment of the construction cost of drainage ditches. This construction cost had been determined and charged against the property, and when that had been done there was a short interval of time when any owner of property bound to the payment of such construction cost could have paid his *pro rata* share, and could thus have relieved his property of the burden of special assessments for such improvement. After the lapse of such brief interval, no such privilege was available. Thereafter special assessments, payable annually, and not otherwise, for twenty years, were imposed upon all the property in the drainage district, and such special tax burden could not be discharged by present payment. Thenceforward the annual special assessments were to become due and payable at the same time and in the same manner as ordinary taxes. Prior to the exchange of farms between plaintiff and defendant, some three or four of such annual assessments had been paid, but no annual assessment was due at the time the contract of exchange was made, and the plaintiff had not paid any such annual assessment at the time this action was begun.

The plaintiff's action was for specific performance, etc. After an extended trial, all of the matters in controversy, with one exception, were determined and acquiesced in by both parties. The one exception, upon which this appeal is based, relates to the trial court's finding and judgment that the statutory lien for the annual assessments to become due throughout the remainder of the term of twenty years constituted an incumbrance in breach of the contract for the exchange of farms. The aggregate of all these future annual assessments, as computed by the trial court, was $1,301.34, and judgment for that amount was rendered against the defendant. He appeals.

Curiously enough, neither party cites our own case, *Armstrong v. Trust Co.*, 96 Kan. 722, 153 Pac. 507, where this court considered this question. Speaking for the court and with its unanimous approval, Mr. Justice Porter said:

"The courts have not hesitated to adopt 'the rule of reason' in construing covenants against incumbrances, and have often recognized a

distinction between incumbrances which are such in a strictly literal exactness, and those which, from the nature of the contract, the situation of the parties, and their evident intent at the time it was made, appear not to have been in contemplation. . . . Every day contracts are made for the conveyance of real estate which is liable for future payments of assessments for special improvements already constructed. The assessments are payable in annual installments running usually in ten-year periods. These assessments constitute, in a strict sense, incumbrances on the land to the extent of the installments unpaid. The vendor, in the absence of any agreement, is liable of course for the payment of all overdue installments. He is also liable for the installment of the current year, provided the conveyance is made on or after November 1, because the maturing installment has ripened into a tax. But his covenant of warranty against incumbrances would not oblige him to rebate the purchase price to the extent of future installments. Those payable in the future, though strictly incumbrances on the land, are not such as diminish the value of the subject of the contract. The vendee who is to enjoy the benefit of the improvements during the remainder of the installment period ought to pay them, and therefore, though incumbrances in a strict sense, they are not so within the fair and reasonable construction of the covenant." (pp. 724, 726.)

(See, also, *White v. Immenschuh,* 106 Kan. 333, 336, 187 Pac. 667; *Jacobs v. Union Trust Co.,* 155 Mich. 233; *Sharpe v. Dick,* 22 Queb. L. R., Sup. Ct., 527.)

The appellant places his principal reliance upon Missouri decisions which are to the effect that until a grantee of a deed conveying property free and clear of incumbrances has paid off such incumbrance or has suffered loss on account thereof, he cannot maintain an action for breach of covenant. This seems to be a correct statement of the Missouri rule. Of course, in Missouri as elsewhere, taxes and special assessments which are due and payable, and which can be discharged, are incumbrances (*Blossom v. Van Court,* 34 Mo. 390), but a diligent search of the Missouri reports fails to disclose a case of close analogy to the one before us. In *Everett v. Marston,* 186 Mo. 587, 599, the court approvingly quoted the doctrine of Judge Cooley that "where a lien (for taxes) is expressly created by statute, it cannot be enlarged by construction, and the statute creating it must be strictly construed."

In *Walker v. Deaver,* 79 Mo. 664, syl. ¶ 4, it was held that until a grantee under a conveyance warranting the property against liens and incumbrances had suffered an actual loss on account thereof, the damages recoverable were only nominal.

Bank v. Leslie.

In *Patterson v. Yancy*, 81 Mo. 379, it was held that without first paying the taxes encumbering the property at the time of its conveyance the grantee could not maintain a suit to recover such taxes. To the same effect are *Taylor v. Priest*, 21 Mo. App. 685; *Winningham v. Pennock, Ex'r*, 36 Mo. App. 688, 694.

From this it follows that if the law of Missouri wholly governs this action, the plaintiff, having paid nothing on the special assessments and having suffered no loss, cannot recover.

Under our own law, it must be held that a statutory lien on property for special improvements to be paid in the future by annual assessments running for a term of years, and which lien is not capable of being discharged by present payment, is not an incumbrance in breach of an ordinary contract for the exchange of farms within the fair, reasonable, and common meaning of the expression "free and clear of all incumbrance."

The judgment of the district court is reversed, and the cause remanded with instructions to enter judgment for defendant.