Hon. ROUSSEAU A. BURCH,
Hon. HENRY F. MASON,
Hon. SILAS W. PORTER,
Hon. JUDSON S. WEST,       } Justices.
Hon. JOHN MARSHALL,
Hon. JOHN S. DAWSON,

No. 21,697.

BENJAMIN J. GRIFFIN, *Appellant,* v. F. W. KAUFMAN, *Appellee,* et al.

#### SYLLABUS BY THE COURT.

1. EXCHANGE OF PROPERTY—*False Representation as to Values—Evidence—Findings—Plaintiff Did Not Rely on Representations Made.* Where one of the parties to an exchange of property sues the other for damages resulting from the latter's false representations exaggerating the value of what he parted with, it is held not to have been prejudicial error to admit evidence that the property turned in by the plaintiff was not worth the amount at which it was valued in the trade, in view of these facts: the petition alleged that to be its value; the jury were instructed not to consider this evidence in determining the amount of damages; special findings were made that the plaintiff did not rely upon the defendant's representations and that the trade value of the plaintiff's property was the amount at which it was taken in the deal.

2. SAME—*Requested Instructions Properly Refused.* A requested instruction to the effect that a verdict should be rendered for the plaintiff if certain misrepresentations were found to have been made was properly refused because it ignored a necessary element of the plaintiff's case—that of his reliance upon the false statements.

3. SAME—*Assessments to Pay Irrigation Ditch Not An "Incumbrance" on Land Until Due.* Where an irrigating ditch is built by the proceeds of bonds which are to be paid for from assessments against the land benefited in instalments distributed over a term of years, no part of such charge constitutes an incumbrance on the land until by the terms of the statute it becomes due.

Appeal from Atchison district court; WILLIAM A. JACKSON, judge. Opinion filed January 7, 1922. Affirmed.

*T. A. Moxcey,* of Atchison, *R. F. Hayden, George P. Hayden,* and *A. E. Crane,* all of Topeka, for the appellant.

*Z. E. Jackson,* of Atchison, for the appellee.

The opinion of the court was delivered by

MASON, J.: Benjamin J. Griffin owned a stock of merchandise at Cummings, Kan. F. W. Kaufman owned a forty-acre tract of land in Colorado. They made and carried out an agreement for the exchange of these properties, Kaufman giving $3,500 to boot. Some ten months later Griffin brought this action against Kaufman asking damages because of fraudulent representations with regard to the value of the land. A trial resulted in a verdict and judgment for the defendant, and the plaintiff appeals.

1. The plaintiff complains of the admission of evidence that the stock of goods, which was valued in the trade at $9,500, was in bad condition and was worth at its actual cash value from $4,500 to $7,000. It has been held in similar cases that it is not error to reject evidence of the value of the goods traded by the party claiming to have been defrauded, because the measure of his damages is the difference between the actual value of the property he received and what it had been represented to be worth, the value of what he gave for it not being material. (*Miller v. Thayer,* 101 Kan. 355, 168 Pac. 277; *Suderman v. Koch,* 101 Kan. 708, 168 Pac. 906.) The admission of the evidence now under consideration was not material error under that rule for several reasons: The jury were instructed that the value of the stock of goods was not to be considered in determining the amount of damages, if any, to which the plaintiff was entitled; the jury having found that the plaintiff was not defrauded, no occasion arose for estimating damages; the petition alleged that the goods were worth $9,500, and the plaintiff can hardly complain of the admission of evidence on the issue so tendered; the jury found also that the "trading value" of the goods was $9,500, so that it is clear the plaintiff's case was not weakened by the evidence complained of.

The jury were allowed to consider this evidence in determining whether the plaintiff relied upon the defendant's representations and was thereby induced to make the trade. Evidence that the plaintiff at the time of the trade had debts to the amount of $7,800 and was being pressed by his creditors was admitted presumably for its bearing upon the same matter, and objection is made to such ruling. Whether or not these items of evidence threw much light on that issue they tended to show a special motive for the trade and we do not regard their admission as prejudicial.

2. Complaint is also made because the court refused to give an instruction to the effect that if the defendant made certain misrepresentations the verdict should be for the plaintiff. The request was properly refused because in order to warrant such a verdict it was necessary to establish not only that the misrepresentations were made but also that they were relied upon.

3. An irrigation ditch had been constructed the cost of which under the Colorado statute was assessed against the benefited land, including that traded to the plaintiff, at the rate of $40 an acre, distributed over a period of ten years. The defendant did not tell the plaintiff of this fact, and that circumstance is relied upon as establishing fraud. The legal proposition involved is raised by the refusal of one instruction on the subject and the giving of another. The instruction asked read:

"As to the claimed misrepresentation concerning the property in question being free and clear of liens and incumbrances, except a tax of fifty cents per acre per year, for the upkeep of the Otero ditch, you are instructed that if you find from the evidence that the defendant so represented the Colorado property and that, in fact, there existed an unpaid assessment or obligation against said land made by the Otero Ditch Company, in the form of a water or water right tax, in the sum of approximately Forty Dollars per acre, then that under the laws of Colorado, such indebtedness, if shown to exist, does constitute a lien against the property, and the plaintiff would be entitled to recover of the defendant Kaufman, the amount of such incumbrance plus any other damages, if any, you may find he has sustained by other misrepresentations proven against him."

Upon this matter the court instructed:

"You are instructed that under the law as applicable to the facts in this case, the bonded indebtedness for the construction and maintenance of the Otero Irrigation canal or ditch, did not constitute and was not an incumbrance upon the title to said 40 acres of land in Otero County, Colorado, at the time of the execution and delivery of the deed of defendant Kaufman to the plaintiff Griffin, except to the extent of the levy for the year 1912; and if you find from the evidence, and under these instructions in this case, that it was the agreement between the said Griffin and the said Kaufman that Kaufman was to pay the taxes upon the land up to the year 1912, then you are instructed that the bonded indebtedness did not constitute any incumbrance upon said land at the time said deed from Kaufman to Griffin was executed and delivered."

The instruction given accords with what has become the settled law of this state. (*Cramblitt v. Sherwood,* 109 Kan. 458, 199 Pac. 925, and cases there cited.) Moreover the jury in answer to a question as to the value of the forty-acre tract at the time of the trade

answered that its trading value was $6,000—the amount at which it was turned in. They also in reply to the question whether the plaintiff relied upon his investigation of the land of his own judgment or upon the defendant's representations said that he relied upon his own judgment. The controversy was one of fact and the jury appear to have resolved all conflicts against the plaintiff.

The judgment is affirmed.