CLARK, APPELLANT, *v.* DEMERS, RESPONDENT.

(No. 6,012.)

(Submitted January 11, 1927. Decided February 11, 1927.)

[254 Pac. 162.]

*Real Property — Deeds — Breach of Warranty — Covenant Against Encumbrances—Irrigation District Bonds—Complaint—Pleading Conclusions.*

Real Property—Irrigation Districts—Breach of Warranty—Covenants Against Encumbrances—Defective Complaint.
1. Failure to allege in the complaint in an action for breach of warranty against encumbrances based upon an outstanding bond issue of an irrigation district that the lands conveyed were situate within the district rendered the pleading technically defective.

Same—Irrigation Districts—Breach of Warranty—Complaint—Pleading Conclusions.
2. Plaintiff's allegations that there existed an encumbrance on land within an irrigation district by virtue of a bond issue and that such issue had been regularly made, levied and issued were mere legal conclusions; to show the validity of the bond issue, proper pleading required a showing that the district court had made an order of confirmation, which, if made, may be alleged as "having been duly given and made," under section 9169, Revised Codes of 1921.

Same—Irrigation Districts—When Assessments Become Encumbrances.
3. A special assessment, such as is required by section 3974, Revised Codes, as amended, to be levied by the board of directors

of an irrigation district each year on each forty-acre tract or fraction thereof, does not become an encumbrance until the proportionate share of the tax has been officially determined.

Same.

4. Where a special levy does not become a lien until after land is conveyed, there is no breach of covenant against encumbrances.

Same—Irrigation District Bonds Become Encumbrances, When.

5. Irrigation district bonds are but general obligations of the district for the enforcement of which against individual tracts of land therein no method is provided by the law; they are payable by assessments against the land benefited by the improvement, and do not constitute an encumbrance upon a tract of land in the district, within the meaning of warranties against encumbrances in a deed, except as to assessments levied but not paid prior to the making of the deed.

---

[1] Covenants, 15 C. J., sec. 190, p. 1301, n. 96; sec. 197, p. 1304, n. 92.

[2] Covenants, 15 C. J., sec. 190, p. 1302, n. 49. Pleading, 31 Cyc., p. 62, n. 3.

[3] Covenants, 15 C. J., sec. 118, p. 1274, n. 83.

[4] Covenants, 15 C. J., sec. 116, p. 1273, n. 60; sec. 117, p. 1274, n. 79.

[5] Covenants, 15 C. J., sec. 117, p. 1274, n. 79. Waters, 40 Cyc., p. 824, n. 51, 56.

*Appeal from District Court, Flathead County; C. W. Pomeroy, Judge.*

ACTION by Columbus Clark against Elzeor Demers. From a judgment of dismissal plaintiff appeals. Affirmed.

*Mr. T. H. MacDonald,* for Appellant, submitted an original and a supplemental brief and argued the cause orally.

*Messrs. Foot & Foot* and *Messrs. Walehli & Korn,* for Respondent, submitted a brief; *Mr. Daniel J. Korn* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

This is an appeal from a judgment of dismissal entered after the trial court had sustained an objection to the intro-

---

4. See 7 R. C. L. 1138.

duction of any testimony on the ground that the complaint did not state facts sufficient to constitute a cause of action.

The only question presented for determination is as to the sufficiency of the complaint. This complaint attempts to state two causes of action, identical in purport, but based on separate deeds conveying two tracts of land, and which deeds are identical except for dates and descriptions, for the recovery of damages for the alleged breach of warranties contained in the deeds. Both deeds were executed by the defendant to the plaintiff.

Each of these causes of action alleges the execution, delivery and recordation of a deed, made a part of the complaint, which deed recites that the vendor does "grant, sell, convey, and confirm" the property unto the vendee, and contains a warranty clause which reads: "And the said party of the first part and his heirs do hereby covenant that they will forever warrant and defend all right, title and interest in and to the said premises and the quiet and peaceable possession thereon unto the said party of the second part, * * * against the acts and deeds of the said party of the first part, and all and every person or persons whomsoever, lawfully claiming or to claim the same, except taxes for the year" (in which the deed was given, the first for 1918 and the second for 1919). Each cause then alleges: "That at the date of said deed there existed a lien and encumbrance on the said premises of a certain bond issue and a certain special tax and assessment and levy thereof, which said special tax, assessment, and levy had been at the said date duly made and entered in the records of the Glen Lake irrigation district, * * * which lien and encumbrance was done, made and suffered by the defendant," *etc.*

It is then alleged that the irrigation district was duly organized under the law, and "authorized and qualified" to issue bonds for irrigation purposes, and "said bond issue, which was a lien and encumbrance as aforesaid," was duly made, levied

78 Mont.—19

and issued, and became a lien upon the lands for the payment of such bonds and the interest thereon, "and, for annual expenses of maintenance, assessments have been made since each year and for several years before the date of the execution and delivery of said deed against the same land, but that plaintiff never received notice thereof, and for the year 1923, for the first time, the plaintiff had knowledge thereof, and was obliged to, and did, pay for the same the annual installment of * * * $44.43, whch was duly and regularly assessed against said land, and which plaintiff was obliged to pay to prevent the sale of his said lands." The complaint then alleges the total amount of the bond issue, the number of acres in the district, and that the "annual expenses of between $1 and $1.50 per acre have been levied, and will be levied, annually," on plaintiff's land, and that there is no means of determining the exact amount or share of the bonds which will eventually fall to plaintiff's lands to pay, and no way of paying off the amount.

By a supplemental complaint plaintiff alleged that, since the commencement of his action, the irrigation district has issued refunding bonds, and thereby paid and discharged the original bonds, and that said refunding bonds have become a lien and encumbrance on the lands.

1. The complaint is technically defective, in that it fails to [1] allege that the lands in question are within the irrigation district mentioned. That they are within the district is left to be deduced from the allegations that the bonds and assessments of the district are "a lien and encumbrance" on the lands.

2. Again, the complaint merely alleges that "there existed [2] a lien and encumbrance on said premises of a certain bond issue," *etc.*, and that "said bond issue, which is a lien and encumbrance as aforesaid, was duly and regularly made, levied and issued."

"A lien or encumbrance is not averred by the mere naked allegation of its existence; * * * to say, in the absence of

other allegations, that real property was 'subject to a tax, charge or assessment duly assessed, charged and confirmed,' which was 'a lien and encumbrance by law,' is to recite a series of mere legal conclusions, ineffective for any purpose as a pleading." (*Ridpath* v. *Heller*, 46 Mont. 586, 129 Pac. 1054.)

An irrigation district bond issue can only become effective and valid by securing an order of confirmation by the district court, after notice and hearing, as provided for in sections 3967 and 7211, Revised Codes of 1921, which order is appealable. While it is not necessary to state the facts conferring jurisdiction upon the court to make the order of confirmation, it is this order validating the bond issue which "may be stated to have been duly given or made" (sec. 9169, Rev. Codes 1921), in order to show that there was a valid outstanding bond issue of the district, and failure to so plead the order renders the pleading insufficient. (*Henderson* v. *Daniels*, 62 Mont. 363, 205 Pac. 964.)

However, if we disregard the foregoing technical defects in the complaint, there are still more cogent reasons why the ruling and judgment of the trial court must be sustained.

3. Assuming, but not deciding, that the covenants in the [3, 4] deeds before us are broad enough to warrant title against such encumbrances as are alleged, does the complaint allege the existence of any lien or encumbrance at the time the deeds were delivered?

The complaint does not inform us as to when the irrigation district was created, and, as heretofore stated, merely recites a series of legal conclusions as to the existence of liens and encumbrances, while it appears affirmatively therefrom that the only "levy and assessment" made, and which plaintiff was compelled to pay, was for the year 1923, four and five years after the deeds were delivered.

In 1917 and 1918 we had a provision requiring irrigation districts thereafter created to compute the total amount due · on

principal and interest on bonds issued, accurately to survey
the irrigable tracts, and, in effect, to assess the full amount
due on each forty-acre tract, which amount was to be noted
in each of such tracts on a map filed, and any owner was per-
mitted to pay the full amount, and have his land released
from the lien of the bonds at the time of payment of annual
tax. (Chap. 153, Laws 1917.) Under the provisions of this
Act, an irrigation district created prior to 1917 might be
brought within its provisions by taking certain steps. If it
was shown that the district in question was created after the
passage of the above Act, what is said in the complaint with
reference to the deed of 1918 might possibly show a lien upon
the lands therein described, or, if it was shown that the dis-
trict, though created prior to 1917, had taken advantage of the
permission given, such might have been the result. However,
this portion of the Act was repealed in March, 1919 (Chap.
116, Laws 1919), and, except for the two years above men-
tioned, the only provision for the levy of assessments which we
have is found in section 3974, Revised Codes of 1921, as
amended by Chapter 147, Laws of 1923, but which has existed
as a part of our Irrigation Law since its enactment as section
49 of Chapter 146 of the Laws of 1909, and which reads as
follows: "The board of directors shall on or before the second
Monday in July of each year, determine the total amounts of
money necessary to be raised by said district for the ensuing
year, * * * and shall levy against each forty-acre tract
or fraction thereof * * * that portion of said amounts so
to be raised which the irrigable area of each tract bears to the
total area of all the irrigable lands in the district." Thus
there is but an annual levy after a determination of the pro-
portionate share of the total amounts to be raised for the year
falling upon each tract, and "there is, and, in the nature of
things, there can be no charge upon the property, no encum-
brance—no enforceable lien—until the proportionate share of

the public burden has been officially determined." (*Jacobs* v. *Union Trust Co.,* 155 Mich. 233, 118 N. W. 921.) "Where a special assessment does not become a lien until after the land is conveyed there is no breach of covenant against incumbrances." (Note, Ann. Cas. 1918D, 975.)

As the complaint fails to show that any levy or assessment was made by the irrigation district, and became effective as against plaintiff's property prior to the year 1923, it fails to allege any lien or encumbrance on the property by reason of a levy or assessment by the district.

4. We have, then, only the allegation that there existed a lien [5] or encumbrance upon the lands by reason of the bond issue, assuming that the legality of the issue is sufficiently alleged.

As an irrigation district is a municipal corporation (sec. 7169, Rev. Codes 1921) in the broad sense that all bonded indebtedness of all such corporations is a lien upon all of the property therein, this bond issue would have been a lien upon all property in the irrigation district without the declaration of the legislature, but by the section above referred to the legislature limited this broad or general lien to the lands within the district, and the declaration of the legislature must be considered a limitation of the general lien rather than the creation of a lien.

The bond issue is a general obligation resting upon all *lands* within the district (*Cosman* v. *Chestnut Valley Irr. Dist.,* 74 Mont. 111, 40 A. L. R. 1344, 238 Pac. 879), and excluding all other classes of property therein, and therefore, in the broad sense, a lien exists. But in the specific sense of "a charge on property for the payment of a debt or duty, and for which it may be sold in discharge of the lien" (*Bliss* v. *Clark,* 39 Ill. 591, 89 Am. Dec. 330; *Rohrbach* v. *Germania Fire Ins. Co.,* 62 N. Y. 47, 20 Am. Rep. 451; *Frowenfeld* v. *Hastings,* 134 Cal. 128, 66 Pac. 178), this general obligation of all of the lands in

the district for the payment of the bonds cannot be said to be a lien. The law in no manner provides for or contemplates a foreclosure of a lien by the bondholders, but does provide for the enforcement of specific liens upon the several tracts of land for the payment of the annual levies and assessments.

While the Oregon Irrigation Law does not, in terms, declare that bonds constitute a lien, as does ours, it recognizes that such general "lien" exists, and refers to the manner of its discharge, and what is said by the supreme court of Oregon with relation to such liens is pertinent here: "The only method by which bonds are paid is by annual assessments upon the land within the district. * * * We concede that all of the property owned by the district is liable for the payment of outstanding bonds, but it does not follow that such property is encumbered by special liens as contended in the instant case." (*Johnson* v. *Warm Springs Irr. Dist.* (1926), 118 Or. 239, 246 Pac. 527.)

In California it is held that a lien exists only to the extent that it may be enforced, and that the method of applying the lien against lands in an irrigation district is by the levy of assessments against the property and enforcing the lien which attaches upon the levy being duly made. (*Boskowitz* v. *Thompson*, 144 Cal. 724, 78 Pac. 290.)

As, therefore, bond issues of this nature, issued for the purpose of improving and enhancing the value of the lands within the district, are made but general obligations of the district (*Cosman* v. *Chestnut Valley Irr. Dist.*, above), and no method of enforcing this obligation against individual tracts of land is provided by law, the bonds, which are to be paid by assessments against the land presumably benefited and to be benefited, do not constitute an encumbrance upon a tract of land in the district, within the meaning of warranties against encumbrances contained in a deed, except as to assessments levied and not paid prior to the making of the deed. (*Cramblitt* v.

*Sherwood,* 109 Kan. 458, 199 Pac. 925; *Gotthelf* v. *Stranahan,* 138 N. Y. 345, 20 L. R. A. 455, 34 N. E. 286; *Cornelius* v. *Kromminga,* 179 Iowa, 712, 161 N. W. 625.)

As the complaint does not state facts showing the existence of a lien by reason of a levy or assessment made and not paid prior to the giving of the deed, and the bond issue does not constitute such an encumbrance as is contemplated in warranties against encumbrances, the complaint does not state facts sufficient to constitute a cause of action, and the trial court's ruling was therefore correct.

· The judgment, is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and GALEN concur.