## ST. PAUL MERCURY INDEMNITY CO. v. RED CAB CO.

### No. 6033.

Circuit Court of Appeals, Seventh Circuit.

April 12, 1937.

Rehearing Denied June 18, 1936.

Burke G. Slaymaker and Slaymaker, Merrell & Locke, all of Indianapolis, Ind., for appellant.

John C. Ruckelshaus, John K. Ruckelshaus, and Ruckelshaus & Ruckelshaus, all of Indianapolis, Ind., for appellee.

Before EVANS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

EVANS, Circuit Judge.

This appeal is from a judgment for $1,162.98 predicated on a thirty day insurance binder. Appellee sought protection for itself and its cab drivers. The so-called insurance binder covered workmen's compensation risks.

Appellant denied liability because of the alleged cancellation of the binder agreement. The binder in question was executed on December 30, 1933, by appellant's agent, Harlan, and provided for thirty day Workmen's Compensation insurance by appellant of appellee's employees. It provided for cancellation of the binder by notice to insured's agent. It also provided the binder was subject to all the terms of the regular policy.

Harlan, appellant's agent, wrote to one Waggoner, an insurance broker whom the District Court found to have been employed by appellee to procure said insurance, on January 3, 1934, a letter which is the basis of the asserted cancellation wherein it is stated that appellant had declined to assume the risk.

Appellee paid the premium on the binder, amounting to $215.61, which check was returned in the middle of February.

It is also claimed that Harlan wrote Waggoner on January 4th requesting the return of the binder, but Waggoner denies receipt of the letter. We accept as true the statement that the letter was not received.

In favor of a reversal it is argued: (1) Liability under the insurance binder was terminated upon the receipt of the letter of cancellation addressed to appellee's broker, who, in fact and law, was also appellee's agent. (2) Inasmuch as the insurance binder expressly provides that it should be subject to all the terms and conditions of the regular policy, the judgment is not sustainable because the terms of the policy are nowhere set forth in the pleadings nor their substance found in any special findings of the court.

Appellee argues: (1) No cancellation of the binder was effected because of the vague character of the notice which must be construed in favor of the insured. (2) The special findings of the trial court are not reviewable on appeal where no exception was taken to them and where the evidence on which the findings were based is not before the court.

██ Unfortunately the instant case must be reversed with directions to the District Court to remand the action for want of Federal court jurisdiction. The case is governed by the two recent decisions, McNutt v. General Motors Acceptance

Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L. Ed. 1135, and KVOS v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. ——.

Federal court jurisdiction of this action is dependent upon the allegation and showing of more than $3,000 in controversy. The damage allegations of the complaint are as follows:

"That as a direct and proximate result of the defendant corporation's breach of contract the plaintiff was compelled to employ attorneys, investigators and medical assistants for the purpose of investigating and satisfying claims made by its employees during the thirty (30) day period from December 30th, 1933, covered by the defendant corporation's contract of insurance, as described in 'Exhibit B'; that, furthermore, the plaintiff was required to pay to its employees who had suffered injury during the period covered by the defendant corporation's written contract of insurance, as described above, compensation for such claims, as was required by law, and the plaintiff was furthermore required to pay, or obligate itself to pay, certain medical, hospital and dental bills in connection with the injuries suffered by such employees, as described in 'Exhibit B', all to its damage in the sum of Four Thousand Dollars ($4,000.00)."

Exhibit B, attached to the complaint and made a part of it, sets forth in detail the damages which were claimed by appellee. It is headed: "List of Employees of Red Cab Company Injured and Amount of Compensation Requested to be Paid in connection with such Injuries, including List of other expenses incurred in connection with such Compensation Claims." The statement includes the names of injured employees, the amounts paid for damages, for doctors and hospital charges, as well as all amounts paid for investigators and attorneys' fees, incurred in resisting such claims. The total is $1,380.89. The court entered judgment for plaintiff for $1,162.98.

It thus affirmatively appears that the amount in controversy was less than $3,000. The court cannot close its eyes to the obvious, nor go ahead with the trial of a cause of which it has no jurisdiction—even though, as here, both parties are desirous of having it try the cause.

The judgment is reversed with directions to the District Court to remand the same to the state court of the State of Indiana wherein it was begun. The costs of removal and remanding shall be borne by appellant. Each side will pay its own costs in this court.