RUHLIN ET AL. *v.* NEW YORK LIFE INSURANCE CO.

No. 596. Argued March 10, 1938.—Decided May 2, 1938.

· ˙ *Mr. Charles H. Sachs,* with whom *Mr. Charles J. Margiotti* was on the brief, for petitioners.

*Mr. William H. Eckert,* with whom *Mr. Louis H. Cooke* was on the brief, for respondent.

MR. JUSTICE REED delivered the opinion of the Court.

On February 14, 1935, the New York Life Insurance Company, respondent here, filed its bill of complaint in the District Court for Western Pennsylvania to rescind, because of certain misrepresentations, the disability and double indemnity provisions in five policies issued on the life of defendant John G. Ruhlin, and made in favor of the other defendants as beneficiaries.

The bill alleged that the plaintiff is a mutual life insurance company incorporated under the laws of the State of New York and lawfully engaged in business in Pitts-

burgh, Pa.; that the defendants are temporarily living in Pennsylvania, though plaintiff does not know where their legal residence is; that on December 1, 1928, plaintiff wrote two policies of life insurance on the life of John G. Ruhlin, in the face amounts of $10,000 and $5,000; that on July 7, 1930, it wrote three additional, similar policies in the face amount of $4,000 each; that certain questions in the applications were answered falsely and fraudulently by the insured; that on November 1, 1934, John G. Ruhlin presented a claim for total and permanent disability benefits under each of the five policies. The Company tendered into court the sum of $1,045.42, the aggregate amount of premiums paid for disability and double indemnity benefits, and prayed that the disability and double indemnity provisions be rescinded, and for other relief not material here.

The defendants filed a motion to dismiss the complaint on the ground that the policies had become incontestable, since the suit was brought more than two years after the date of each policy involved. The "incontestability clause" of each of the policies reads as follows:

"Incontestability.—This Policy shall be incontestable after two years from its date of issue except for nonpayment of premium and except as to provisions and conditions relating to Disability and Double Indemnity Benefits."

The District Court overruled the motion to dismiss. The Circuit Court of Appeals affirmed the order, holding that, in view of their express terms, the incontestability clauses had no application to liability for disability and double indemnity benefits. It recognized that its decision was contrary to that reached by the Circuit Court of Appeals for the Ninth Circuit, *New York Life Ins. Co.* v. *Kaufman,* 78 F. (2d) 398, and by the Circuit Court of Appeals for the Fourth Circuit, *New York Life Ins. Co.* v. *Truesdale,* 79 F. (2d) 481, which had held that the exception in the

incontestability clause related only to provisions and conditions actually set forth in the policy itself, compare *Stroehmann* v. *Mutual Life Ins. Co.*, 300 U. S. 435, and that fraud was not mentioned in any of those provisions. Ruhlin petitioned for certiorari, asserting the conflict of circuits. The Company filed a memorandum admitting the conflict, and raising no objection to the granting of the writ. Because of the conflict of circuits, the Court granted certiorari.

It was stated in *Carpenter* v. *Providence Washington Ins. Co.*, 16 Pet. 495, 511, that questions concerning the proper construction of contracts of insurance are "questions of general commercial law," and that state decisions on the subject, though entitled to great respect, "cannot conclude the judgment of this court." A limitation was put on this doctrine in *Mutual Life Ins. Co.* v. *Johnson*, 293 U. S. 335, 340. Putting aside all questions of power, the Court interpreted a specific provision of an insurance contract in accordance with the decision of the highest court of the State of Virginia, where delivery was made. "All that is here for our decision is the meaning, the tacit implications, of a particular set of words, which, as experience has shown, may yield a different answer to this reader and to that one. With choice so 'balanced with doubt,' we accept as our guide the law declared by the state where the contract had its being." The decision in *Erie R. Co.* v. *Tompkins, ante*, p. 64, goes further, and settles the question of power. The subject is now to be governed, even in the absence of state statute, by the decisions of the appropriate state court. The doctrine applies though the question of construction arises not in an action at law, but in a suit in equity. Compare *Mason* v. *United States*, 260 U. S. 545, 557, 558.

Had *Erie R. Co.* v. *Tompkins* been announced at some prior date the course of this case might have been different. This Court might not have issued a writ of cer-

tiorari. Rule 38 (5) of the Supreme Court Rules indicates that this Court will consider, as a reason for granting a writ of certiorari, the fact that "a circuit court of appeals has rendered a decision in conflict with the decision of another circuit court of appeals on the same matter." Since jurisdiction to bring up cases by certiorari from the circuit courts of appeals was given to this Court in order "to secure uniformity of decision," *Magnum Import Co.* v. *Coty,* 262 U. S. 159, 163, a showing of a conflict of circuits on a matter concerning which the federal courts had never denied their right to independent judgment prompted this Court to grant the writ. E. g., *Aschenbrenner* v. *U. S. Fidelity & G. Co.,* 292 U. S. 80, 82; *Stroehmann* v. *Mutual Life Ins. Co.;* 300 U. S. 435, 440. As to questions controlled by state law, however, conflict among circuits is not of itself a reason for granting a writ of certiorari. The conflict may be merely corollary to a permissible difference of opinion in the state courts. The Rules indicate that the Court will be persuaded to grant certiorari where a circuit court of appeals "has decided an important question of local law in a way probably in conflict with applicable local decisions." No such showing was attempted by the petition. Nor was it contended that the decision below was "probably untenable" and therefore probably in conflict with the state law as yet unannounced by the highest court of the State.

No decision at the present time could reconcile any "conflict of circuits," or do more than enunciate a tentative rule to guide particular federal courts. Therefore, even assuming that it is adequately presented on the record, we decline to decide the issue of state law. However, we shall not dismiss the writ of certiorari as improvidently granted. In view of the fact that the question in the case was regarded below, both by the courts and by counsel, as one of "general" or "federal" law, the

interest of justice requires that the judgment be vacated and the cause remanded for the enforcement of the applicable principles of state law. See *Villa* v. *Van Schaick*, 299 U. S. 152, 155–156; *Duke Power Co.* v. *Greenwood County*, 299 U. S. 259, 267–268; *Watts, Watts & Co.* v. *Unione Austriaca*, 248 U. S. 9, 21.

It is true that the Circuit Court of Appeals, in rendering judgment on reargument, said (see 93 F. (2d) 416, 417):

"Furthermore, both the Court of Appeals of New York and the Supreme Court of Pennsylvania have held that the incontestability clause here involved clearly excepts the double indemnity and disability provisions from its operation. Steinberg *v.* New York Life Ins. Co., 263 N. Y. 45, 188 N. E. 152; Manhattan Life Insurance Co. *v.* Schwartz, 274 N. Y. 374, 9 N. E. 2d 16; Guise *v.* New York Life Ins. Co., [127 Pa. Super. 127,] 191 Atl. 626. We have read the recent opinion of the Supreme Court of California in the case of Coodley *v.* New York Life Insurance Co., 7 Cal. 2d 269, [70 P. 2d 602] and the opinion of Judge Coughlin in the case of New York Life Insurance Co. *v.* Thomas, 27 D. & C. 215, but are not persuaded that the learned District Judge erred. Since the company is domiciled in New York and the insured lives in Pennsylvania and 'all that is here for our consideration is the meaning, the tacit implications, of a particular set of words,' 'for the sake of harmony and to avoid confusion' we shall follow the decision of those courts and hold that the insurance company is not barred by the incontestability clause from rescinding the double indemnity and disability provisions. Mutual Life Ins. Co. *v.* Johnson, 293 U. S. 340; Trainor *v.* Aetna Casualty Company, 290 U. S. 47, 54."

It is not necessary here to consider whether, in the determination of the substantive Pennsylvania rule, the Circuit Court of Appeals was correct in declining to fol-

low the *nisi prius Thomas* case, directly in point, and in applying the *Guise* case, which was decided by an intermediate appellate court (127 Pa. Super. 127; 191 A. 626), and not the supreme court of the state as the court below stated, and which involved a defense of coverage, available even under an ordinary incontestability clause as the opinion in the *Guise* case clearly states (127 Pa. Super. at 133; 191 A. 626).[1]

A different case might have been presented, and the facts and authorities developed in another fashion, if the parties had had in mind from the first the rule the Pennsylvania court would have applied. The pleadings might have shown in what place the policy was delivered,[2] and perhaps other facts attending the making of the insurance contract. It may be noted that petitioner's brief asserts, without record reference, that the applications for the first two policies were made in Pennsylvania, and the applications for the remaining three policies were made in Ohio. But as the record stands, we know only that at the time of bringing suit the respondent Company was incorporated in New York, and lawfully engaged in business in Pittsburgh, and that the defendants were then temporarily living in Pennsylvania.

Application of the "State law" to the present case, or any other controversy controlled by *Erie R. Co.* v. *Tomp-*

---

[1] The Superior Court said (127 Pa. Super. at 133; 191 A. 626):

"An examination of the clauses discloses that the disability provisions of the policies are expressly excluded from their operation. Even if that exemption had not been inserted, the clauses would not have prevented the interposition of the defense here set up. *Mayer* v. *Prudential Life Insurance Company of America*, 121 Pa. Superior Ct. 475, 184 A. 267."

[2] Under the general doctrine the interpretation of an insurance contract depends on the law of the place where the policy is delivered. *Mutual Life Ins. Co.* v. *Johnson*, 293 U. S. at 339. We do not now determine which principle must be enforced if the Pennsylvania courts follow a different conflict of laws rule.

*kins,* does not present the disputants with duties difficult or strange. The parties and the federal courts must now search for and apply the entire body of substantive, law governing an identical action in the state courts. Hitherto, even in what were termed matters of "general" law, counsel had to investigate the enactments of the state legislature. Now they must merely broaden their inquiry to include the decisions of the state courts, just as they would in a case tried in the state court, and just as they have always done in actions brought in the federal courts involving what were known as matters of "local" law.

The judgment is vacated and the cause remanded to the District Court, for further proceedings in conformity with this opinion, with directions to permit such amendments of the pleadings as may be necessary for that purpose.

*Judgment vacated.*

MR. JUSTICE CARDOZO took no part in the consideration or decision of this case.