NEW YORK LIFE INSURANCE CO. *v.* JACKSON ET AL.

No. 869.   Decided May 16, 1938.

*Messrs. Rudolph J. Kramer, Bruce A. Campbell,* and *Louis H. Cooke* were on a brief for petitioner.

*Mr. Arthur J. Freund* entered an appearance for respondents.

Per Curiam.

This suit was brought by petitioner, New York Life Insurance Company, to cancel the reinstatement of an insurance policy upon the ground that it was obtained by fraud. The defendants, the insured and the beneficiary, denied the responsibility of the insured for any misrepre-

sentations by reason of his mental incapacity at the time. They also filed a cross bill seeking the payment of the monthly disability benefits for which the policy provided. Decree was rendered in favor of defendants on their cross bill. The decree declared void the reinstatement of the policy but held it to be in full force from the date of its issue. The Circuit Court of Appeals affirmed. 94 F. 2d 288.

The stipulation of facts stated that the insured at the time of the issue of the policy in 1927 was a resident of Missouri and that the policy was delivered to the insured in that State. Findings of the District Court followed the stipulation.

The Circuit Court of Appeals considered the question whether under the provisions of the policy the insurer was liable for disability benefits to the insured who became totally and permanently disabled during the period of grace following the date on which a semi-annual premium payment fell due where the premium was not paid until after the expiration of the period of grace. The court considered the question as one of general law. Its decision should have been made according to the applicable principles of the state law which governed the interpretation of the policy. *Erie R. Co.* v. *Tompkins, ante,* p. 64; *Ruhlin* v. *New York Life Insurance Co., ante,* p. 202.

Certiorari is granted, the judgment of the Circuit Court of Appeals is vacated, and the cause is remanded to that court for further proceedings in conformity with this opinion.

*Judgment vacated.*

Mr. Justice Cardozo took no part in the consideration and decision of this case.