ROSENTHAL *v.* NEW YORK LIFE INSURANCE CO.

No. 924. Decided May 16, 1938.

*Mr. Douglas W. Robert* was on a brief for petitioner.

*Messrs. James C. Jones, Lon O. Hocker,* and *James C. Jones, Jr.* were on a brief for respondent.

PER CURIAM.

Respondent, New York Life Insurance Company, brought this suit to cancel two reinstatements of an insurance policy upon the ground that they were fraudulently procured. The Circuit Court of Appeals, affirming with modification a decree of the District Court, held that the agreement by which a lapsed policy is reinstated is a new agreement, as regards the effect of the incontestable clause in the policy, and that clause runs from the date of the reinstatement where the defense is fraud in its procurement; and, further, that the extended insurance under the policy in question was to be calculated from the anniversary date of the issue of the policy and not from the anniversary date of the payment of the first premium. 94 F. 2d 675.

264

The District Court found that the policy was issued upon the joint lives of residents of Missouri and was applied for and delivered to the insured in that State. The Circuit Court of Appeals decided the questions, as above stated, as matters of general law according to the view of the court as to the weight of authority. Petitioner sought a rehearing upon the ground, among others, that the interpretation of the policy was governed by the law of Missouri. Rehearing was denied.

While respondent contends that the decision below is not in conflict with the local law, it is not necessary for us to determine that question. It is enough to say that the questions to be decided are those of state law and should have been determined according to the decisions of the state court. *Erie R. Co.* v. *Tompkins, ante,* p. 64; *Ruhlin* v. *New York Life Insurance Co., ante,* p. 202.

Certiorari is granted, the judgment of the Circuit Court of Appeals is vacated, and the cause is remanded to that court for further proceedings in conformity with this opinion.

*Judgment vacated.*

MR. JUSTICE CARDOZO took no part in the consideration and decision of this case.