**NEW YORK LIFE INS. CO. v. JACKSON et al. \***
No. 6225.

Circuit Court of Appeals, Seventh Circuit.

Aug. 10, 1938.

Rudolph J. Kramer, Bruce A. Campbell, R. E. Costello, Roland H. Wiechert, and Norman J. Gundlach, all of East St. Louis, Ill. (James J. Graham, of Springfield, Ill., and Louis H. Cooke, of New York City, of counsel), for appellant.

M. W. Feuerbacher, Arthur J. Freund, and Fred A. Eppenberger, all of St. Louis, Mo., for appellees.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

Appellant filed suit against the insured and the beneficiary of a policy, to cancel the reinstatement of the policy on the ground that such reinstatement was obtained by fraud. The defendants denied the responsibility of the insured for any misrepresentation because of his mental incapacity at the time it was alleged to have been made. They also filed a cross-bill seeking payment of monthly disability benefits provided by the policy. The District Court rendered a decree in favor of the defendants on the cross-bill, declaring void the reinstatement of the policy, but holding it in full force from the date of issue. We affirmed the decree (7 Cir., 94 F.2d 288), and the Supreme

*Writ of certiorari denied 59 S.Ct. 108, 83 L.Ed. ——.

Court granted certiorari, 304 U.S. 261, 58 S.Ct. 871, 82 L.Ed. —— and remanded the cause to this court for further consideration, stating that we had considered the question presented as one of general law instead of basing our decision on principles of the state law applicable. The insured resided in Missouri when the policy was issued and delivered to him.

In our opinion of January 10, 1938, we stated that the problem was "whether, under the provisions of the policy here involved, an insurer is liable for disability benefits to its insured who became totally and permanently disabled during the period of grace following the date on which a semi-annual premium payment fell due, which premium was not paid until, after the expiration of the period of grace." We repeat the pertinent provisions of the policy:

"In event of default in payment of premium after the Insured has become totally disabled as above defined, the policy will be restored and the benefits shall be the same as if said default had not occurred, provided due proof that the Insured is and has been continuously from date of default so totally disabled and that such disability will continue for life or has continued for a period of not less than three consecutive months, is received by the Company not later than six months after said default."

"Grace. If any premium is not paid on or before the day it falls due the policyholder is in default; but a grace of one month (not less than 30 days) will be allowed for the payment of every premium after the first, during which time the insurance continues in force. If death occurs within the period of grace the overdue premium will be deducted from the amount payable thereunder."

"Payment of Premiums. All premiums are payable on or before their due date * * *. The payment of the premium shall not maintain the Policy in force beyond the date when the next payment becomes due, except as to the benefits provided for herein after default in premium payment."

"Waiver of Premium. The Company will waive the payment of any premium falling due during the period of continuous total disability * * *"

We rested our original decision on the ground that there was an inconsistency between the grace provision of the policy and other clauses, which inconsistency was to be construed in favor of the insured, and that since the grace clause provided that the policy was to be continued in force during the period of grace, the occurrence of either event insured against, namely death or total disability, served to mature the rights created by the policy, other provisions to the contrary notwithstanding.

Upon remand of the cause to this court, we afforded counsel an opportunity to file briefs on the applicable Missouri law. About two-thirds of the cases cited by appellant in response were decided by federal courts or the courts of states other than Missouri. Since the case was remanded for the purpose of decision according to the applicable principles of Missouri law, we do not find extensive citation of other authority helpful. We take it that the only question presented at this time is whether or not the decision previously reached by us upon consideration of the issues then presented to us as a matter of general law and studied by us accordingly, is out of harmony with principles of law of the state of Missouri. If there is no conflict, then our original decision may stand.

Appellant contends that "It is the rule of Missouri that when the language of a contract is plain and its meaning unmistakable, there is no ambiguity and no room for construction, and the Court cannot strain it into an unnatural interpretation or substitute a different contract. The Court can only construe when the contract is reasonably or fairly susceptible of different constructions." It cites numerous Missouri cases in support of this proposition which we think is axiomatic and requires no citation of authority. However, these cases are not authority for the proposition that no inconsistency exists between the clauses set forth above, and we have been unable to find any such authority. Appellant cites the case of Serabian v. Metropolitan Life Insurance Co., Mo.App., 17 S.W. 2d 646, as authority for this proposition, but inasmuch as that case involved an attempt to collect benefits provided by a policy issued April 3, 1925, for the death of the insured on November 1, 1925, on which policy only one quarterly premium had been paid, we consider the holding of the Missouri court as to the lack of ambiguity in the grace clause inapplicable to the situation here involved.

Appellant also asserts that "The mental disability of the insured, which arose on August 18, 1934, four days before the

expiration of the grace period, did not excuse him from paying the premium on his insurance policy so as to prevent a lapse," citing Smith v. Sovereign Camp, 179 Mo. 119, 77 S.W. 862; Gaterman v. American Life Insurance Co., 1 Mo.App. 300; Curtin v. Grand Lodge, 65 Mo.App. 294. The first of these cases involved a fraternal policy containing no provisions for disability benefits except for a waiver of dues or assessments in case of certain conditions which the court held were not complied with. The second involved a policy issued in 1870 containing no provision for a period of grace for payment of premiums, but instead providing that if they were not paid on the policy dates, the policy would be void. The third held that a fraternal policy containing a provision for sickness benefits and for non-suspension of members entitled to sick fund benefits did not relieve such members from the obligation to pay death fund assessments, an ambiguous provision of the sick fund clause notwithstanding, and that in case of such ambiguity, it must be construed as in other written contracts, according to the meaning given it by the parties themselves. We do not consider the facts of any of these cases analogous to those of the case at bar.

With the possible exception of the Curtin Case above, Missouri law appears not to differ from the general law on the proposition that ambiguities in insurance policies are to be construed in favor of the insured, or that where two provisions of a policy are inconsistent, that one must prevail which serves to create liability. See Soukop v. Employers' Assurance Corp., Mo. Sup., 108 S.W.2d 86; Halsey v. American Central Insurance Co., 258 Mo. 659, 167 S. W. 951; State ex rel. Missouri State Life Insurance Co. v. Allen, 295 Mo. 307, 243 S.W. 839. While the facts of these cases are no more analogous to those of the case at bar than those of the other cases discussed above, they are all authority for the proposition that the Missouri Supreme Court has been very liberal in construing ambiguities and inconsistencies in policies in favor of the insured. We find no case presenting the same facts and involving the same policy provisions, and our attention has been called to none. We do find that the Kansas City Court of Appeals has held that where a policy insures against total and permanent disability, the occurrence of such disability during the period when the policy is in force serves to mature

the insurance provided by it notwithstanding non-compliance with a provision that the policy be kept in force for a period of six months during the continuance of the disability to entitle the insured to recover the benefits. The court held this requirement in conflict with the purpose of the policy to provide for disability benefits and refused to enforce a literal construction of the policy. See Schuerman v. General American Life Insurance Co., Mo.App., 106 S.W.2d 920. This, we think, is in harmony with the decision originally reached by us in the case at bar.

Since it appears that the precise question presented has never been presented to the Missouri courts, we have no choice but to consider the question as we previously considered it, exercising an independent judgment with respect to the issues presented. Doing so, we find no reason for changing our original decision, and the decree in favor of appellees is, therefore, again affirmed.