## ÆTNA LIFE INS. CO. v. YOUNG.

### No. 7321.

Circuit Court of Appeals, Third Circuit.

June 29, 1940.

Paul Reilly, of Philadelphia, Pa., for appellant.

Thomas E. Comber, Jr., of Philadelphia, Pa., for appellee.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

We cannot but admire appellant's persistence. Its insured died on April 30, 1937. His widow's claim for payment under the double indemnity clause of defendant-company's policy[1] was rejected. She brought suit on April 26, 1938. A jury in the United States District Court (to which the case had been removed) found for her in the sum of $10,593.34.

From this verdict there was an appeal to us and on March 29, 1939, we were constrained to reverse. That reversal was based on some language found in the charge of the learned trial judge. We felt that he had gone beyond the policy and used words from the testimony rather than from the contract, Aetna Life Ins. Co. v. Young, 3 Cir., 103 F.2d 839. We left open the question of the exact state of the Pennsylvania law by which we are of course bound.[2]

The case has been retried. The facts adduced at the second trial are substantially the same and as they are set forth in our first opinion we do not repeat them here. We say substantially because those facts are, if anything, more favorable to the plaintiff-appellee. The second jury followed the first and the defendant-insurance company followed its first appeal with this second.

We see no merit in it whatever. The learned trial judge delivered, as we thought, a most careful charge. Furthermore he had the benefit, as we did not, of a recent decision of the Pennsylvania Su-

---

[1] The clause was in the standard and much litigated form.

[2] Ruhlin v. N. Y. Life Ins. Co., 304 U. S. 202, 58 S.Ct. 860, 82 L.Ed. 1290;

New York Life Ins. Co. v. Jackson, 304 U.S. 261, 58 S.Ct. 871, 82 L.Ed. 1329; Rosenthal v. New York Life Ins. Co., 304 U.S. 263, 58 S.Ct. 874, 82 L.Ed. 1330.

preme Court clarifying its position on the troublesome questions arising from this type of vaguely worded policy.[3] That case makes it plain that Pennsylvania has joined other states (notably New York and Massachusetts) in modifying the strict doctrine of the earlier authorities. That modification clearly permits consideration by a jury of whether or not the preexisting condition (in the principal case, arteriosclerosis) is a "normal incident of advancing age" and "not disproportionate in degree" to the age of this particular insured. We quoted in our last opinion from the New York case[4] in which Chief Justice Cardozo established the "modified rule" in his usual pungent style. We are naturally pleased to have the distinguished High Court of Pennsylvania express the same view. A writer in the May (1940) number of the University of Pennsylvania Law Review has painstakingly collected and discussed all the authorities including Kelly v. Prudential Ins. Co. of America, above cited. He ends by succinctly stating what he believes to be the justice of the rule there laid down. We quote: "On the other hand, a careful study of the intent of the parties would invariably disclose that the mutual intent was not to preclude a recovery because the effect of the accident upon some bodily weakness, not enough in and of itself to be regarded as a disease, was to cause death more quickly. The insurer should not escape liability because one of the ailments which conventionally accompany advancing age happens to make an elderly insured more susceptible to the evil consequences of an accidental injury, and this is especially so when the insurer accepts premiums from an insured who is advanced in years. If the insurer could thus avoid liability on the double indemnity or accident policy whenever senility and its resultant physical decadence appears, almost every policy would be valueless to the beneficiaries unless the force of the accident killed the insured instantly." The Effect of a Pre-Existing Disease on the Right to Recover under an Accident Policy or the Double Indemnity Provisions of a Life Insurance Policy, 88 University of Pennsylvania Law Review 853 at 861-862 (note).

Appellant's brief does not make altogether clear his point about the "inference on an inference" rule. It is not necessary to labor it because as we pointed out in our earlier opinion, Pennsylvania permits the duplication.[5] In that opinion we mentioned the fact that the learned Justice there speaking for the Court quoted from Professor Wigmore's second edition, 1 Wigmore on Evidence (2d ed.) sec. 41, p. 258. The learned Professor has now returned the compliment and in his third edition gives two and one half pages to a quotation from the quoter, 1 Wigmore on Evidence (3d ed.) sec. 41, pp. 436-438.

The judgment of the District Court is affirmed.

[3] Kelly v. Prudential Ins. Co. of America, 334 Pa. 143, 6 A.2d 55.

[4] Silverstein v. Met. Life Ins. Co., 254 N.Y. 81, 171 N.E. 914, 915.

[5] In Neely v. Provident Life & Accident Insurance Co., 322 Pa. 417, 185 A. 784.