**TOOLE COUNTY IRR. DIST. v. MOODY et al.**

No. 9855.

Circuit Court of Appeals, Ninth Circuit.

Jan. 28, 1942.

Louis P. Donovan, of Shelby, Mont., for appellant.

Charles Davidson, of Great Falls, Mont., W. Coburn Cook, of Turlock, Cal., and Evan Haynes, of Berkeley, Cal., for appellees.

John W. Bonner, Atty. Gen., of Montana, and H. M. Gullickson, First Asst. Atty. Gen., for State of Montana, as amicus curiae.

William A. Brown, of Helena, Mont., for Montana State Ass'n of County Com'rs, as amicus curiae.

Cedor B. Aronow, Co. Atty., of Shelby, Mont., for Toole County, Mont., and Federal Land Bank of Spokane, Wash, as amicus curiae.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

Prior to April 27, 1937, appellees, Robert Moody, August J. Lang, Jr., and R. F. McMullen,[1] acquired 42 bonds of $500 each (Series B) dated July 1, 1921, 50 bonds of $500 each (Series C) dated January 1, 1922, and 55 bonds of $1,000 each (Series D) dated January 1, 1922—in all, 147 bonds aggregating the principal sum of $101,000[2] —issued by the board of commissioners of appellant, Toole County Irrigation District, a Montana corporation, hereafter called the district. The bonds bore 6% interest and were due, but not paid, on January 1, 1930. Interest thereon was paid to July 1, 1932. Also, prior to April 27, 1937, 5% ($5,050) of the principal was paid, leaving an unpaid balance of $95,950.[3] For this balance, with interest, appellees, on April 27, 1937, brought an action against the district and, on June 2, 1941, obtained judgment against the district. The district has appealed.

The question is whether, as contended by appellees, the bonds constitute general obligations of the district or whether, as contended by the district, they are merely a charge on lands within the district.

The district was organized under and pursuant to chapter 146, Laws of Montana, 1909,[4] as amended.[5] Section 38 of chapter 146[6] provides that the board of commissioners of a district organized under chapter 146 "shall have no power to incur any debt or liability whatever, either by issuing bonds or otherwise," except as provided in chapter 146. Section 40 of chapter 146[7] provides that, for purposes therein specified, the board of commissioners may issue "bonds of the district," as and in the manner provided in chapter 146. Section 43 of chapter 146[8] provides that bonds so issued shall be a "lien upon all the lands originally or at any time included in the district," with specified exceptions; that such lands shall be subject to a special tax or assessment for the payment of such bonds and interest thereon; and that such tax or assessment shall constitute a "lien on the land against which levied." Section 46 of chapter 146[9] provides:

"All bonds and the interest thereon issued hereunder * * * shall be paid by revenue derived from a special tax or assessment levied as hereinafter provided upon all the lands included in the district [with specified exceptions]; and all the lands in the district * * * which are so chargeable * * * shall be and remain liable to be taxed and assessed for the payment of said bonds and interest * * *.

"It shall be the duty of the board of commissioners of the district * * * to provide for the annual levy and collection of a special tax or assessment upon all the lands included in the district and subject to taxation and assessment as aforesaid, sufficient in amount to meet the interest on said bonds promptly when and as the same accrues, and to discharge the principal thereof at their maturity, or respective maturities * * *."

---

[1] Moody is a citizen of Washington. Lang and McMullen are citizens of California.

[2] In the record, due obviously to an error in addition, this sum is stated to be $102,000.

[3] In the record, due to the error mentioned in footnote 2, this balance is stated to be $96,900.

[4] Revised Codes of Montana, 1921, §§ 7166–7215, 7232–7235, 7237–7242, 7249, 7250, 7254–7260, 7262, 7263.

[5] All references in this opinion to chapter 146 are to said chapter as amended prior to July 1, 1921.

[6] Revised Codes of Montana, 1921, § 7208.

[7] Id., § 7210.

[8] Id., § 7213.

[9] Id., § 7232.

The bonds here involved were issued under and pursuant to chapter 252, Laws of Montana, 1921.[10] Section 1 of chapter 252[11] provides that the board of commissioners of any district organized under chapter 146 may issue "bonds of such district for the purpose of redeeming or paying the existing and outstanding bonds and warrants of such district." The bonds here involved were issued for the purpose of redeeming and paying the existing and outstanding warrants of the district. Section 4 of chapter 252[12] provides that bonds so issued "shall constitute a lien upon the lands of said district," and that any special tax or assessment for the payment of such bonds "shall be a lien upon the lands against which levied." Section 6 of chapter 252[13] provides that the above quoted provisions of § 46 of chapter 146[14] shall apply to bonds issued under chapter 252 the same as to bonds issued under chapter 146. Thus it is clear that the district's obligation, if any, with respect to the bonds here involved was the same as it would have been had the bonds been issued under chapter 146.

At the time the bonds here involved were issued (1921 and 1922), the Supreme Court of Montana had not decided whether bonds issued under chapter 146 constitute general obligations of the issuing district or merely a charge against the lands within such district. Subsequently, in Cosman v. Chestnut Valley Irrigation District, 1925, 74 Mont. 111, 238 P. 879, 40 A.L.R. 1344, it was held that such bonds constitute general obligations of the issuing district. That holding was reaffirmed in Clark v. Demers, 1927, 78 Mont. 287, 254 P. 162, and Drake v. Schoregge, 1929, 85 Mont. 94, 277 P. 627, but was overruled in State ex rel.

Malott v. Board of County Commissioners, 1931, 89 Mont. 37, 296 P. 1, 18, wherein the court said:

"We are satisfied that the rule heretofore announced by this court in the Cosman case to the effect that bonds issued by an irrigation district constitute general obligations of that district is erroneous. We are further satisfied that less injury will result from overruling rather than following the doctrine as last above announced; and therefore the former holding of this court to the effect that such bonds constitute general obligations is overruled. It follows * * * that the bonds are not general obligations of the irrigation district, but are a charge against the lands within the district."

In Judith Basin Irrigation District v. Malott, 1934, 9 Cir., 73 F.2d 142, 97 A.L.R. 504 we declined to follow State ex rel. Malott v. Board of County Commissioners, supra, and, exercising our independent judgment as to the meaning of chapter 146, held that bonds issued thereunder constitute general obligations of the issuing district. In Rosebud Land & Improvement Co. v. Carterville Irrigation District, 1936, 102 Mont. 465, 58 P.2d 765, State ex rel. Malott v. Board of County Commissioners, supra, was reaffirmed.

■ In the case at bar, the District Court of the United States for the District of Montana, following our decision in the Judith Basin case, held that the bonds here involved constitute general obligations of the district. This was error; for, under the doctrine of Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 54 S.Ct. 817, 82 L. Ed. 1188, 114 A.L.R. 1487,[15] the District

---

10 Id., §§ 7226–7231.

11 Id., § 7226.

12 Id., § 7229.

13 Id., § 7231.

14 Id., § 7232.

15 See, also, Ruhlin v. New York Life Ins. Co., 304 U.S. 202, 58 S.Ct. 860, 82 L.Ed. 1290; New York Life Ins. Co. v. Jackson, 304 U.S. 261, 58 S.Ct. 871, 82 L.Ed. 1329; Rosenthal v. New York Life Ins. Co., 304 U.S. 263, 58 S.Ct. 874, 82 L.Ed. 1330; Hudson v. Moonier, 304 U. S. 397, 58 S.Ct. 954, 82 L.Ed. 1422; Mutual Benefit, Health & Accident Ass'n v. Bowman, 304 U.S. 549, 58 S.Ct. 1056, 82 L.Ed. 1521; Wichita Royalty Co. v. City National Bank, 306 U.S. 103, 59 S. Ct. 420, 83 L.Ed. 515; City of Texarkana v. Arkansas, Louisiana Gas Co., 306 U.S. 188, 620, 59 S.Ct. 448, 83 L.Ed. 598;

Cities Service Co. v. Dunlap, 308 U.S. 208, 60 S.Ct. 201, 84 L.Ed. 196; Russell v. Todd, 309 U.S. 280, 60 S.Ct. 527, 84 L.Ed. 754; Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876; Fidelity Union Trust Co. v. Field, 311 U.S. 169, 61 S.Ct. 176, 85 L. Ed. 109; Six Companies of California v. Joint Highway District, 311 U.S. 180, 61 S.Ct. 186, 85 L.Ed. 114; West v. American Telephone & Telegraph Co., 311 U. S. 223, 61 S.Ct. 179, 85 L.Ed. 139, 132 A.L.R. 956; Stoner v. New York Life Ins. Co., 311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. 284; Vandenbark v. Owens-Illinois Glass Co., 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327; Huron Holding Corp. v. Lincoln Mine Operating Co., 312 U.S. 183, 61 S.Ct. 513, 85 L.Ed. 725; Railroad Commission v. Pullman Co., 312 U.S.

Court was required—as we, too, are required—to follow State ex rel. Malott v. Board of County Commissioners, supra, and Rosebud Land & Improvement Co. v. Carterville Irrigation District, supra, notwithstanding our decision in the Judith Basin case.

Although, as appellees have noted, Erie Railroad Co. v. Tompkins was a tort action, the doctrine there announced is equally applicable to actions founded on contract.[16] Nor is the doctrine rendered inapplicable by the fact that the Montana Supreme Court's later decisions (State ex rel. Malott v. Board of County Commissioners and Rosebud Land & Improvement Co. v. Carterville Irrigation District) are in conflict with its earlier decisions (Cosman v. Chestnut Valley Irrigation District, Clark v. Demers and Drake v. Schoregge). The District Court should have followed, as we must, the later decisions.[17]

Because these decisions were subsequent to the issuance of the bonds here involved, appellees contend that to follow them would give them "retroactive effect," and that Federal courts are not required to give such effect to State court decisions. A sufficient answer to this contention is found in Stoner v. New York Life Ins. Co., 311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. 284,[18] wherein it was held that, in construing an insurance policy, Federal courts—the District Court, the Circuit Court of Appeals and the Supreme Court—were required to follow State court decisions rendered long after the policy was issued. Appellees' contention is therefore rejected.

Appellees argue that to give effect to the Montana decisions would violate the Constitution by impairing the obligation of a contract, namely, the district's obligation the existence of which is here in dispute. Appellees' argument assumes the existence of the obligation and thus begs the question, the question being whether or not the obligation exists. Whether it exists or not must be determined by the law of Montana as declared by the highest court of that State; which is to say, by the law of Montana as declared in State ex rel. Malott v. Board of County Commissioners and Rosebud Land & Improvement Co. v. Carterville Irrigation District. According to that law, the obligation which appellees say must not be impaired does not exist.

The bonds here involved were involved in Drake v. Schoregge and were there held to constitute general obligations of the district. Although that holding was, in effect, overruled in State ex rel. Malott v. Board of County Commissioners and Rosebud Land & Improvement Co. v. Carterville Irrigation District, appellees contend that it became the law of the case.[19] Undoubtedly it did become the law of the Drake case, but it never became the law of this case, for the Drake case and this case are two distinct cases.

Appellees' final contention is that, if the bonds here involved were not general obligations of the district when issued, they became such by reason of an agreement which the district's officers made and executed in the name of the district on May 1, 1930. The contention is rejected (1) because this action was not based on that agreement and (2) because that agreement, if and in so far as it purported to make the bonds general obligations of the district, was unauthorized and void. Laws of Montana, 1909, chapter 146, § 38.[20]

Judgment reversed.

496, 61 S.Ct. 643, 85 L.Ed. 971; Moore v. Illinois Central Railroad Co., 312 U.S. 630, 631, 61 S.Ct. 754, 85 L.Ed. 1089; Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481, 134 A.L.R. 1462.

[16] Ruhlin v. New York Life Ins. Co., supra; New York Life Ins. Co. v. Jackson, supra; Rosenthal v. New York Life Ins. Co., supra; Mutual Benefit, Health & Accident Ass'n v. Bowman, supra; Wichita Royalty Co. v. City National Bank, supra; City of Texarkana v. Arkansas, Louisiana Gas Co., supra; Russell v. Todd, supra; Six Companies of California v. Joint Highway District, supra; Stoner v. New York Life Ins. Co., supra; Moore v. Illinois Central Railroad Co., supra; Klaxon Co. v. Stentor Electric Mfg. Co., supra; Griffin v. McCoach, supra.

[17] Stoner v. New York Life Ins. Co., supra; Vandenbark v. Owens-Illinois Glass Co., supra; Railroad Commission v. Pullman Co., supra; Moore v. Illinois Central Railroad Co., supra.

[18] Reversing New York Life Ins. Co. v. Stoner, 8 Cir., 109 F.2d 874.

[19] Appellees have not pleaded the Drake judgment as res judicata, doubtless because they (appellees) were not parties to that judgment.

[20] Revised Codes of Montana, 1921, § 7208.