## NEW YORK LIFE INS. CO. v. FERLITA et al.

### Civ. A. No. 2463.

District Court, N. D. Georgia,
Atlanta Division.

June 12, 1943.

Bryan, Carter & Ansley, of Atlanta, Ga., for New York Life Ins. Co.

Smith, Smith & Bloodworth, Estes Doremus, and Croom Partridge, all of Atlanta, Ga., for defendants moving for judgment on pleadings.

LOVETT, District Judge.

This is a motion by defendants for judgment on the pleadings under Rule 12(c) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. It requires a construction of certain clauses of a policy of life insurance containing double indemnity and other provisions waiving payment of premiums under stated conditions, issued by the plaintiff on May 2, 1934. The defendants are the insured and the beneficiaries named in the policy.

The suit was filed by the Insurance Company on August 29, 1941. It seeks to cancel the double indemnity agreement and the total and permanent disability agreement waiving premiums on the ground that the insured made misrepresentations of material facts in his application for the insurance (attached to the policy) but does not attack the agreement to pay the face of the policy becoming due on death of the insured.

The motion for judgment is bottomed on the clause in the policy providing: "Incontestability—This policy shall be incontestable after two years from its date of issue except for non-payment of premium."

The Insurance Company relies on two clauses in riders attached to the policy at the time it was issued which recite:

"The Benefits and Provisions contained in the Sections 'Miscellaneous Benefits' and 'Other Provisions' of said Policy shall also apply to this agreement, except as to the provisions of said Policy with respect to 'Incontestability' and except as to the above conditions under which said Disability Benefit shall not be effective.

"The Benefits and Provisions contained in the Sections 'Miscellaneous Benefits' and 'Other Provisions' of said Policy shall also apply to this Agreement, except as to the provision of said policy with respect to 'Incontestability' and except as to the above conditions under which said Double Indemnity shall not be payable."

The question for decision is whether construing all the clauses together the entire contract, double indemnity and disability provisions as well as the life insurance agreement, is rendered incontestable for fraud in its procurement after two years from its date of issue.

■ Where an insurance policy by its terms is made incontestable after a time limited except for nonpayment of premium and except as to its provisions with respect to Disability Benefits and Double Indemnity, the question whether the latter exception embraces, and excludes from the limitation, the right of the insurer to rescind the agreement to pay disability (or to waive premiums) and double indemnity benefits because of fraud in the application, is a question of state law which the Federal court must determine in ac-

cordance with the decisions of the appropriate state court.[1]

It seems to be the rule in Georgia that an excepting clause cutting down the incontestability agreement as applicable to double indemnity and disability benefits in case of fraud in the procurement of the policy must do more than state objectively these features; it must be an express exception literally designating "fraud in procurement" as a defense specifically preserved from the force of the agreement. It will not be assumed that the defense of fraud in the procurement of the policy is included in the exception by necessary implication. On the contrary, it will be concluded that the parties intended to exempt the entire contract, life, disability and double indemnity features, from the defense of fraud in the procurement of the policy after the time the incontestable clause became of force; yet to retain the defense at all times that premiums have not been paid at the times required; and to save intact to the insurer, as to the disability and double indemnity benefits, all defenses except that of fraud in the procurement of the policy. There are many provisions which have to be met before the insurer becomes bound to pay these benefits added to the life insurance. It is competent and proper that the insurer lay down the conditions under which it will assume the larger liability. But noncompliance with the conditions as a defense is one thing; fraud in procurement is another and a very different thing. If the insurer had intended to except the disability and double indemnity benefits from the incontestability clause, it should have done so in plain and easily understandable language—at least as simple and understandable as the incontestability clause itself. See Mutual Life Insurance Co. v. Childs, 64 Ga.App. 658, 667, 672, 14 S.E.2d 165; Penn Mutual Life Insurance Co. v. Childs, 65 Ga.App. 468, 469, 476, 478, 16 S.E.2d 103; Equitable Life Assurance Society v. Gillam, Ga.Sup., 25 S.E.2d 686, decided April 14, 1943.[2]

It is urged, however, that the instant case should be distinguished from the cases cited because the excepting clauses relate both to (a) the provisions of the policies with respect to "incontestability" and (b) "as to the above conditions under which double indemnity shall not be payable and under which disability benefits shall not be effective." I think that view too metaphysical. We are not to weigh the words in the scales of an apothecary or construe them as a strict grammarian. In each excepting clause the preceding words in the same sentence attempt to incorporate by reference benefits and provisions contained in the sections called "Miscellaneous Benefits" and "Other Provisions" of the policy. Why such circumlocution when it would have been so simple and direct to say, in the incontestability clause itself, as pointed out by Judge Parker in the Ness case, supra [70 F.2d 61], "except as to liability for double indemnity or disability benefits," or to put it differently, so that he who runs may read, "fraud in procurement may be urged as a defense at all times in any suit to enforce double indemnity or disability benefits notwithstanding the incontestability clause of this policy"?

If there is anything to the contrary of what is now decided in Pyramid Life Insurance Co. v. Salkirk, 5 Cir., 80 F.2d 553, it must give way in this case to the later decisions of the Georgia courts of last resort and to the decision of the Supreme Court of the United States in the Stroehmann case, supra.

My conclusion is the motion should be sustained. Let an order be presented.

---

[1] Ruhlin v. New York Life Ins. Co., 304 U.S. 202, 58 S.Ct. 860, 82 L.Ed. 1290; New York Life Ins. Co. v. Jackson, 304 U.S. 261, 58 S.Ct. 871, 82 L. Ed. 1329; Rosenthal v. New York Life Ins. Co., 304 U.S. 263, 58 S.Ct. 874, 82 L.Ed. 1330.

[2] See also Stroehmann v. Mutual Life Ins. Co., 300 U.S. 435, 57 S.Ct. 607, 81 L.Ed. 732; Ness v. Mutual Life Ins. Co., 4 Cir., 70 F.2d 59; Mutual Life Ins. Co. v. Markowitz, 9 Cir., 78 F.2d 396.