In re MUTUAL LIFE INS. CO. OF NEW YORK.

No. 13559.

United States Court of Appeals Fifth Circuit.

April 18, 1951.

January 22, 1951, and to enter an order granting petitioner's motion for judgment notwithstanding the verdict in so far as the same relates to the recovery of double indemnity benefits under the policy of insurance involved herein, and also to grant petitioner's motion for the court to enter a remittitur and tax costs.

This court's opinion in this case is reported in Mutual Life Ins. Co. v. Hess, 5 Cir., 161 F.2d page 1. Nothing is stated therein about the taxation of the costs of said appeal, and it does not appear that this court gave any consideration to the question of who should be required to pay the same, but in the judgment and mandate the appellee and cross-appellant, Eleanore M. Hess, was condemned to pay the entire costs of appeal in this court. If this was an error and injustice, it is subject to correction by motion in this court to retax the costs, which should have been timely filed and referred to the judges who sat in the case on appeal; but since this was not done, and since all the judges who heard the case on appeal are now either dead or retired, the motion may still be filed and acted on by this court in accordance with law and justice. We, therefore, see no reason to disturb by mandamus or otherwise the order of Judge Whitehurst, without prejudice to either party, denying petitioner's motion for the court to tax costs and enter a remittitur; and we fully approve of his order that this cause be placed on the trial docket of the district court and set for trial at the earliest possible time. It would have been more consonant with speedy justice if this court had reformed or modified the judgment and reversed the same only as to the double indemnity feature of the case, affirming as to the amount admittedly due for single indemnity; but this was not done, because the insurer appealed from the entire judgment, and the above suggested procedure probably was not brought to the attention of the court.

We find no sound basis for the contention that Judge Whitehurst, by the entry of the order of January 22, 1951, has misconstrued or refused to obey the mandate and accompanying opinion of this court by proposing to put the petitioner to

James A. Dixon, Miami, Fla., for petitioner.

Blackwell, Walker & Gray, Miami, Fla., for respondent.

Before HOLMES, McCORD and RUSSELL, Circuit Judges.

PER CURIAM.

This case is here on motion of the Mutual Life Insurance Company of New York for leave to file a petition for a peremptory writ of mandamus directed to the Honorable George W. Whitehurst, Judge of the United States District Court for the Southern District of Florida, commanding him to vacate his certain order of

the expense and vexation of another trial before a jury. This court gave no directions to the lower court for any specific action or judgment. It reversed the judgment for certain errors pointed out in the opinion, and because a certain charge given at the instance of the plaintiff was deemed incorrect and in conflict with charges given at the instance of the defendant. The court expressed its opinion that on the existing evidence the verdict should be for the defendant, but it did not direct that, on remand, judgment notwithstanding the verdict be entered for the defendant, as it might have done under the new rules and decisions thereunder.[1] We construe the opinion to mean that there was to be a jury trial *de novo*. The court said that the circumstances attending the death of the insured seemed to fit several hypotheses as well as a simple drowning, adding that circumstances equally consistent with two hypotheses proved neither, and that the party having the burden of proof must fail; but the court failed to add, which is also true, that where contrary inferences of fact may fairly and reasonably be drawn from the same evidence or set of facts and circumstances, it is within the province of the jury (not the court) to determine the correct inference, provided the same may fairly and reasonably be deduced from the evidence.

■ It appears from our former opinion that this insurance contract was made in Illinois. We conclude from this that its correct interpretation is governed by the law of that state. This court did not hold the contrary, although it did not find it necessary to decide whether it "should bow to the views entertained by the Illinois courts." Neither did this court hold that there was not substantial evidence to support the verdict, nor that the district court should have granted a peremptory instruction to the jury to find for the defendant, nor that the charge which was supposed to state the law of Illinois was erroneous, nor that the charge which was supposed to follow certain decisions of this court

was erroneous; but the court held that it was wrong to say that every accidental death by drowning would be an accidental death within the meaning of the policy, because drowning may not have been the sole or even the main cause of the death. The court found the charges given at the instance of the plaintiff, and pointed out in paragraph 4 of its opinion, to be prejudicially erroneous; and, because of these errors, reversed the judgment, set aside the verdict, and remanded the cause for further proceedings not inconsistent with its opinion.

The suggestions near the close of the opinion "that it would be better to avoid abstract generalities, and instead to analyze the policy provisions and indicate to the jury the fact conclusions they might make under the evidence before them, and the proper application of the policy to each of them," are not a part of the law of the case and are not binding upon the trial court or upon this court; but these suggestions rebut at least the contentions of petitioner with reference to a peremptory writ of mandamus which would direct the district judge to enter a judgment for the plaintiff for single indemnity after having ordered a remittitur of the double-indemnity amount contained in the verdict. The suggestion that the court should analyze the policy and "indicate to the jury the fact conclusions they might make under the evidence before them" shows conclusively that the former opinion did not intend for the jury to be peremptorily charged as to the fact conclusions indicated by the court's analysis of the policy.

■ This action is pending and is to be tried in a federal district court of Florida; it is based upon a policy of insurance said to have been delivered in another state twenty-five years ago. Therefore, the substantive law of Florida will not provide the rule of decision in the interpretation of the policy. A primary question for the court on retrial, it seems to us, will be the determination of what state law governs the decision of the case. The deci-

1. Fed.Rules Civ.Proc., rule 50(b), 28 U. S.C.A.; Baltimore & Carolina Line v.

Redman, 295 U.S. 654, 55 S.Ct. 890, 79 L.Ed. 1636.

sion of every justiciable controversy is governed by some paramount substantive law, which the federal courts are bound to follow. If the substantive law of Illinois governs, then federal decisions in conflict with the applicable state law are not even persuasive. The jurisdiction of this court depends solely upon diversity of citizenship between the parties to the controversy. If it were a case in tort, it would be governed by Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; but since it is an action *ex contractu,* it is controlled by Ruhlin v. New York Life Ins. Co., 304 U.S. 202, 58 S.Ct. 860, 82 L.Ed. 1290; New York Life Ins. Co. v. Jackson, 304 U.S. 261, 58 S.Ct. 871, 82 L.Ed. 1329; Rosenthal v. New York Life Ins. Co., 304 U.S. 263, 58 S.Ct. 874, 82 L.Ed. 1330.

Since we have determined this controversy to contain proper issues for submission to a jury, the motion for leave to file the petition for mandamus is denied.

RUSSELL, Circuit Judge.

I concur in the judgment denying the petition for a writ of mandamus. See Madden Furniture, Inc., v. Metropolitan Life Insurance Co., 5 Cir., 127 F.2d 837.