**MUTUAL LIFE INS. CO. OF NEW YORK
v. HESS.**

**HESS v. MUTUAL LIFE INS. CO. OF
NEW YORK.
No. 11787.**

United States Court of Appeals
Fifth Circuit.
Oct. 19, 1951.

H. Reid DeJarnette, Miami, Fla., for appellant and cross-appellee.

T. J. Blackwell, Miami, Fla., for appellee and cross-appellant.

Before SIBLEY, RUSSELL, and RIVES, Circuit Judges.

PER CURIAM.

Mrs. Eleanore M. Hess has moved this Court to retax the costs of appeal which were assessed against her upon the appeals determined by this Court in Mutual Life Insurance Company of New York v. Hess, 161 F.2d 1. The motion is sought to be based upon language of this Court when discussing the merits of a petition for the writ of mandamus, wherein the contentions of the present movant were sustained and the petition for writ of mandamus denied.[1] In response, the Mutual Life Insurance Company of New York moved the Court to strike, or refuse to grant, the motion to retax costs upon grounds which, though variously stated, in effect assert the one point that, since the term of this Court during which the prior mandate of the Court issued awarding the costs has long since expired, the Court is without power to change its judgment. Reference to the two former opinions will disclose the factual background of the present controversy.

Our consideration of the matter leads so clearly to the conclusion that the allowance of costs to the Mutual Life Insurance Company of New York in the original case, 161 F.2d 1, supra, was correct that we do not pause to determine whether this Court has the power to now change its former judgment, if it thought proper

---

1. In re Mutual Life Insurance Company of New York, 5 Cir., 188 F.2d 424.

to do so. Counsel for the present movant misconceives the effect of the ruling of this Court upon the application for the issuance of the writ of mandamus, above referred to. While the opinion did grant an opportunity to file a motion to retax the costs, no attempt was made to then rule upon the merits of such a motion, and, on the contrary, the opinion clearly implies a reservation of the right of independent action by this Court "in accordance with law and justice". Furthermore, the opinion written in determining the merits of the application for a writ of mandamus does not attempt to change or modify the law of the case as announced upon the original appeals. Applicable legal principles were discussed only in support of the primary and controlling determination that the opinion and judgment upon the original appeals did not, as contended by the then petitioner, foreclose a new trial, and thus that the contention of the petitioner for mandamus should not be sustained.

In both the original appeals in which the costs now sought to be retaxed were assessed against Mrs. Hess she was unsuccessful. She did not prevail in her appeal from the order of the Court denying her claim for disability benefits and the Insurance Company was successful in its appeal from the judgment awarding both the face of the policy and an equal amount as double indemnity. The sole ground now asserted as a basis for the re-assessment of costs is predicated upon the fact that the Insurance Company appealed from the entire judgment against it when the liability for the face amount was undisputed. As appears from the original opinion, the Insurance Company admitted liability for the face of the policy. The dispute in the case was as to liability for double indemnity and disability benefits. When the Insurance Company was cast by the one judgment for both the admitted liability, the face value of the policy, and the disputed one, an equal amount as double indemnity, the fact that it appealed from the judgment in its entirety did not subject it to liability for costs when it secured in this Court a reversal of the entire judgment because of errors which this Court determined might have induced the imposition of liability upon the disputed claim for double indemnity. Especially is this true in view of the fact that no steps were taken by Mrs. Hess to enforce the segregation and collection of the admitted indebtedness for the face of the policy.

The costs were properly assessed in the original judgment of this Court and the motion to now retax them is

Denied.