Karen PINEMAN, et al.

v.

William G. OECHSLIN, Chairman of the State Employees Retirement Commission, et al.

Civ. No. H–77–164 (J.A.C.).

United States District Court, D. Connecticut.

Aug. 13, 1985.

Paul W. Orth, Hoppin, Carey & Powell, Hartford, Conn., for plaintiffs.

Peter T. Zarella, Richard R. Brown, Brown, Paindiris & Zarella, Hartford, Conn., for defendants.

## RULING ON MOTION FOR DETERMINATION OF THE STATUS OF THE PROCEEDING

JOSÉ A. CABRANES, District Judge.

This class action is a sequel to this court's decision in *Fitzpatrick v. Bitzer,* 390 F.Supp. 278 (D.Conn.1974), *aff'd in part and rev'd in part on grounds not relevant here,* 519 F.2d 559 (2d Cir.1975), *aff'd in part and rev'd in part on grounds not relevant here,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). In that case, decided in 1974, then-Chief Judge T. Emmet Clarie held invalid the provisions of the Connecticut State Employees Retirement Act, Conn.Gen.Stat. § 5–152 *et seq.* ("the Act"), which required male employees of the state to work five years longer to earn pension benefits than similarly situated female employees.

### I.

Following the decision in *Fitzpatrick v. Bitzer, supra,* the state legislature in 1975 amended the Act to establish for all employees retirement ages identical to the higher retirement ages previously applicable only to male employees. In this action,

certain male and female employees challenge the constitutionality of the 1975 amendment to the Act.

On April 16, 1980, this court granted the plaintiffs' motion for summary judgment, finding that the Act created a contractual obligation requiring the state to maintain the pre-1975 retirement ages for female state employees who had not yet begun receiving retirement benefits when the Act was amended. *See Pineman v. Oechslin,* 494 F.Supp. 525, 545 (D.Conn.1980) ("*Pineman I*"), *vacated and remanded on grounds of abstention,* 637 F.2d 601, 604 (2d Cir.1981) ("*Pineman II*"). In making this finding, this court in effect predicted that the Connecticut state courts would recognize contractual rights to public pensions arising immediately upon entry into state employment. The court concluded that the 1975 amendment was an unreasonable impairment of a contractual obligation, in contravention of the Contract Clause of the United States Constitution. *Pineman I, supra,* 494 F.Supp. at 553.

On appeal, the Court of Appeals observed that "[n]o Connecticut court has yet ruled on the precise question whether state employees have vested pension rights prior to becoming eligible to receive benefits." *Pineman II, supra,* 637 F.2d at 604. The Court of Appeals declined to rule on this question of state law; rather, it held that abstention was appropriate "to afford the state courts an opportunity to adjudicate the contract law aspect of appellees' claim, even though the federal courts, thereafter resolving the constitutional issue, will not be obliged to give the state court ruling the conclusive deference that abstention normally entails." *Id.* at 605. The Court of Appeals vacated the judgment of this court, and remanded the case for further proceedings in accordance with its opinion. The Court of Appeals also directed that, following the procedure established in *England v. Louisiana State Board of Medical Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), this court should retain jurisdiction pending the state court determination of the state law question. *Pineman II,* 637 F.2d at 606 n. 9. In accordance with the decision of the Court of Ap-

peals, this court entered an appropriate abstention order on August 4, 1981.

The plaintiffs filed a complaint in Connecticut Superior Court on August 25, 1981, and, invoking the doctrine of *England v. Louisiana State Board of Medical Examiners, supra,* reserved their right to return to this court. On May 4, 1984, the Superior Court ruled that no contractual obligation was created by the Act. That decision was affirmed by the Connecticut Supreme Court in a ruling issued on March 12, 1985. *Pineman v. Oechslin,* 195 Conn. 405, 488 A.2d 803 (1985) (*"Pineman III"*).

Pursuant to a scheduling order entered by this court on April 22, 1985, the defendants on June 17, 1985 filed the instant Motion for Determination of the Status of the Proceeding, as well as a Motion for Permission to File Amended Answers and Add Special Defenses, and a Motion for Permission to File Responses to Plaintiff's Requests for Admission Out of Order. At a status conference held on July 2, 1985, the defendants requested that the court rule first on the Motion for Determination of the Status of the Proceeding. Without intimating a view on whether a favorable ruling on the first motion would render moot the defendants' remaining motions, the court agreed to hold in abeyance consideration of the defendants' remaining motions. Oral argument on the instant motion was heard on July 29, 1985, and the motion is now ripe for decision.

## II.

■ With this motion, the defendants ask the court to declare that this case is now a *"de novo* proceeding," thereby "permitting the defendants the appropriate time allotted under the Federal Rules of Civil Procedure for filing motions directed at the complaint." Motion for Determination of the Status of the Proceeding (filed June 17, 1985) at 1. The defendants contend that the Court of Appeals' order vacating the judgment and remanding the case for further proceedings requires this court to treat the action as if the complaint had just been filed. *See* Memorandum in Support of Motion for Determination of the Status of the Proceeding (filed June 17, 1985) ("Defendants' Memorandum") at 4-5.

As counsel for the defendants conceded at oral argument, *see* Certified Official Transcript of Proceedings Held July 29, 1985 (filed Aug. 7, 1985) ("Tr.") at 19, 26, there is no authority for the argument that the vacatur of a judgment automatically voids all proceedings, pleadings, and orders that preceded entry of the judgment. Indeed, it is difficult to imagine that such authority could exist. The vacatur of a judgment operates to annul the judgment and, to the extent indicated, invalidates the ruling that supports the judgment. Although the Defendants' Memorandum refers to the prior proceedings in the district court as the "vacated district court proceeding," Defendants' Memorandum at 10, it is only this court's judgment, and particular aspects of the ruling underlying its judgment, that were vacated by the Court of Appeals, not the entire three-year course of proceedings before this court antedating the entry of this court's judgment.[1]

Nothing in the ruling issued by the Court of Appeals supports the defendants' argument that the appellate court intended this court to conduct a *"de novo* proceeding." The Court of Appeals directed that the judgment be vacated and that the district court retain jurisdiction pending the state court's determination of a state law question. *Pineman II, supra,* 637 F.2d at 606 n. 9. The Court of Appeals anticipated two possible courses of action upon the return of the case to this court: if the state courts adopted the view of state law articulated by this court in 1980, this court "may enter a fresh judgment embodying its view of the constitutionality" of the 1975 amendment;

1. The defendants agreed at oral argument with the court's observation that, in the defendants' view, the effect of a vacatur of a judgment is "the legal equivalent of a blast from a ray gun in a science fiction movie," that is, the object of the blast disappears without a trace. *See* Certified Official Transcript of Proceedings Held July 29, 1985 (filed Aug. 7, 1985) at 5-6, 8. The defendants apparently believe that, in this case, the object of the blast is not only the judgment but the entire course of proceedings antedating the judgment.

if the state courts rejected the view of state law adopted by this court in 1980, this court "will have to consider the contract issue independently, enlightened by the reasoning of the state courts." *Id.*

The command of the Court of Appeals that the district court retain jurisdiction of the case and, if necessary, reconsider its view of the contract issue "enlightened by the reasoning of the state courts," *see id.,* belies the defendants' argument that the Court of Appeals intended this court to begin the action anew. Had the Court of Appeals intended for this court to undertake additional discovery or to permit the parties to amend their pleadings, it easily could have instructed this court to do so. *See, e.g., Ruhlin v. New York Life Insurance Co.,* 304 U.S. 202, 208, 58 S.Ct. 860, 862, 82 L.Ed. 1290 (1938) (judgment vacated and action remanded to district court, with explicit directions to permit the parties to amend their pleadings).

Treating as void all proceedings following the filing of the complaint also would not serve to correct any error identified by the Court of Appeals. The Court of Appeals found no error in the conduct of the case other than the district court's failure to have the parties seek a determination by the state courts of an undecided question of state law. That error can be corrected by the court's reconsideration of the constitutional questions presented, having now had the benefit of the state court's views on the previously undecided question of state law. Inasmuch as the pleadings, admissions, and orders filed prior to the court's ruling were in no sense implicated by the 1981 decision of the Court of Appeals, they should remain in full effect.

### III.

■ The defendants also contend that a *de novo* proceeding is required by the principles of abstention upon which the 1981 decision of the Court of Appeals was based. *See* Defendants' Memorandum at 6. How-

ever, the defendants have not drawn to this court's attention any case involving the abstention doctrine where all events that occured prior to the entry of the abstention order were treated as a nullity. As counsel for the defendants conceded at oral argument, nothing in the abstention cases relied upon by the Court of Appeals directly supports the defendants' view. *See* Tr. 19; *Railroad Commission v. Pullman,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). Nor have the defendants persuaded the court that treating this action as a *de novo* proceeding would assist this court in giving the appropriate deference to the state courts' views.

### IV.

■ The final argument advanced in support of the motion is that the interests of justice would best be served by permitting the defendants to amend their answers and withdraw their admissions. Tr. 28–37. Specifically, the defendants contend that they should be permitted to amend their answers to take into account defenses of which they were unaware prior to the rulings of the state courts. *Id.* They also contend that the issues raised in this case should be decided on the basis of all of the testimony introduced in the state courts, rather than the arguably limited record that was before this court on the plaintiffs' motion for summary judgment. *Id.*

These arguments, while possibly persuasive, are irrelevant to the instant motion. The Motion for Determination of the Status of the Proceeding seeks a declaration that the action of the Court of Appeals rendered void all of the pleadings and admissions filed after the filing of the complaint. If the defendants seek to amend their answers and to amend or withdraw their admissions, they may seek leave to do so pursuant to Rules 15 and 36, Fed.R. Civ.P.[2] The defendants' arguments may

---

**2.** In fact, the defendants have sought leave to amend their answers and withdraw or amend their admissions. *See* Motion for Permission to File Amended Answers and Add Special Defenses (filed June 17, 1985); Motion for Permission

to File Responses to Plaintiff's Requests for Admission Out of Order (filed June 17, 1985). At the defendants' request, consideration of these motions has been held in abeyance pending a

be relevant to motions filed pursuant to these rules; they are not applicable to the instant motion. *See* Tr. 45.

### Conclusion

For the reasons stated above, the defendants' Motion for Determination of the Status of the Proceeding (filed June 17, 1985) is denied.

It is so ordered.

ruling on the instant motion. *See supra,* at   1229.